This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                          **NO. 27,589**

**RUDY B.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Monica Zamora, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

Juvenile Law Center
Marsha Levick
Neha Desai
Jessica Feierman
Philadelphia, PA

for Amicus Curiae

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

This matter was remanded to us for consideration of two issues: (1) whether Child's separate convictions for shooting from a motor vehicle resulting in great bodily harm and aggravated battery with a deadly weapon violate constitutional protections against double jeopardy and (2) whether there was sufficient evidence to support the district court's determination that Child is not amenable to treatment as a juvenile. *See State v. Rudy B.* (*Rudy B. II*), 2010-NMSC-045, ¶ 60, 149 N.M. 22, 243 P.3d 726. We affirm on both issues.

**DISCUSSION**

We need not set out the facts and procedural history in this matter as both this Court and our Supreme Court have done so on earlier occasions. *See id.* ¶¶ 3-9; *see also State v. Rudy B.* (*Rudy B. I*), 2009-NMCA-104, ¶¶ 2-4, 147 N.M. 45, 216 P.3d 810, *overruled in part by* 2010-NMSC-045. To the extent factual development is necessary, we do so in the context of the issues addressed.

Though our Supreme Court instructed us to examine Child's double jeopardy claim, we included an analysis of this issue in our previous opinion, and we rejected

the claim. *See Rudy B. I*, 2009-NMCA-104, ¶¶ 56-60. In this Court's *Rudy B.* opinion, we concluded that *State v. Dominguez*, 2005-NMSC-001, 137 N.M. 1, 106 P.3d 563 controls and that Child's convictions do not violate double jeopardy. *Rudy B. I*, 2009-NMCA-104, ¶ 60. Our conclusion remains the same, and we rely on the reasoning in *Rudy B. I*, 2009-NMCA-104, ¶¶ 56-60 to affirm on this issue. We now turn to Child's challenge to the district court's amenability determination.

"Whether [a d]efendant is amenable to treatment or rehabilitation as a child is a determination ultimately left to the discretion of the district court." *State v. Todisco*, 2000-NMCA-064, ¶ 36, 129 N.M. 310, 6 P.3d 1032 (internal quotation marks and citation omitted); *see State v. Sosa*, 1997-NMSC-032, ¶ 9, 123 N.M. 564, 943 P.2d 1017 (same). "We review non-amenability findings for substantial evidence or abuse of discretion." *State v. Trujillo*, 2009-NMCA-128, ¶ 13, 147 N.M. 334, 222 P.3d 1040, *cert. granted*, 2009-NMCERT-011, 147 N.M. 464, 225 P.3d 794. "[A] district court abuses its discretion when its decision is not supported by substantial evidence." *State v. Solano*, 2009-NMCA-098, ¶ 7, 146 N.M. 831, 215 P.3d 769 (internal quotation marks and citation omitted). Similarly, "[i]n assessing a claim of evidentiary insufficiency, this Court asks whether substantial evidence supports the court's decision." *State v. Gonzales*, 2001-NMCA-025, ¶ 40, 130 N.M. 341, 24 P.3d 776, *overruled on other grounds by Rudy B. I*, 2009-NMCA-104, ¶ 1. "Substantial

evidence is relevant evidence that a reasonable mind would accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). We view the evidence in the light most favorable to the decision below, resolve all conflicts and indulge all permissible inferences to uphold that decision, and disregard all evidence and inferences to the contrary. *Id.* "It is the factfinder's prerogative to weigh the evidence and to judge the credibility of the witnesses. The court [is] free to disregard expert opinion." *Trujillo*, 2009-NMCA-128, ¶ 18 (internal quotation marks and citation omitted).

At Child's amenability hearing, the State called three witnesses: Steve Barela, an employee with New Mexico Juvenile Probation in Albuquerque; Dr. Louis Vargas, a doctor with the Juvenile Forensic Evaluation Service at the University of New Mexico School of Medicine; and the brother of one of the victims of Child's crime. Both Mr. Barela and Dr. Vargas testified that, in their judgment, Child is not amenable to treatment. Mr. Barela explained that his department lacked the resources Child would require for rehabilitation. Dr. Vargas expressed great concern over the fact that Child had not internalized the moral dimensions of his crime and seemed unable or unwilling to demonstrate empathy toward the victims. Dr. Vargas was particularly troubled by Child's seeming indifference toward the young man who, as a result of Child's conduct, is now a quadriplegic. Dr. Vargas further explained that, although

there was some evidence Child was doing well in detention, he believed Child was merely adapting to that surrounding, was not meaningfully engaged in the process of rehabilitation, and—if released before undergoing significant rehabilitation—would likely return to the dangerous lifestyle he was leading before the crime.

After receiving this testimony and the testimony of Child's witnesses, the district court considered the varying NMSA 1978, Section 32A-2-20(C) (2005) (amended 2009) factors and determined that it was unable to reach a conclusion as to whether Child was amenable to treatment. The court continued the amenability hearing and instructed the parties to identify what juvenile services would be available to Child if he were sentenced as a juvenile and whether those services would be adequate to ensure that the public would not be placed at risk if Child was so sentenced.

At a later hearing date, the court heard evidence that the existing juvenile facilities were inadequate given Child's age and the seriousness of his offense. As such, and having considered the Section 32A-2-20(C) factors, the court determined that Child was not amenable to treatment. We find no error in this determination as the foregoing demonstrates that this decision was based on substantial evidence. Child's arguments to the contrary fail to persuade us.

Child argues that the district court's decision was error because "[t]he people

5

best suited to evaluate [his] amenability . . . testified that [he is] amenable." We do not reweigh the evidence as Child requests; instead we ask whether substantial evidence supports the conclusion reached. *Gonzales*, 2001-NMCA-025, ¶ 40. Similarly, Child argues that the district court failed to properly weigh his minimal criminal record, his family history, and the likelihood that he will be "hardened" by a period of incarceration in an adult prison. Again, such weighing is for the district court. Finally, Child appears to take issue with the fact that the district court considered the adequacy of existing juvenile facilities in making its amenability determination. This argument is contrary to the controlling statute. Pursuant to Section 32A-2-20(B)(1), the court was required to determine whether Child was amenable "to treatment or rehabilitation as a child *in available facilities*." (Emphasis added.) Child goes on to argue that "[o]nly a finding that [he] was not amenable to treatment without any caveats or qualifications can subject [him] to adult sanctions." However, the authority Child cites for this proposition, *Gonzales*, does not so hold. Rather, *Gonzales* instructs that "[t]he determination of a youthful offender's amenability to treatment within the juvenile system is a question of the prospects for rehabilitation of the child." 2001-NMCA-025, ¶ 25. Child's prospects for rehabilitation are obviously contingent, in part, upon the services available in existing juvenile settings.

6

**CONCLUSION**

We hold that there was no double jeopardy violation and affirm the district court's determination that Child was not amenable to treatment.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**CYNTHIA A. FRY, Judge**