The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Lloyd WATTS, Defendant–Appellant.

No. 04CA0731.

Colorado Court of Appeals, Div. A.

Aug. 10, 2006.

Certiorari Denied Aug. 13, 2007.

As Modified on Denial of Rehearing Sept. 14 and Oct. 5, 2006.

John W. Suthers, Attorney General, John D. Seidel, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Chief Judge DAVIDSON.

Defendant, Lloyd Watts, challenges the constitutionality of the ten-year aggravated range sentence imposed following his guilty plea to vehicular assault while under the influence of alcohol. Upon remand from the supreme court for reconsideration in light of its recent decisions, we affirm the sentence.

## I.

The People filed multiple charges against defendant after he ran a red light while driving a motorcycle, struck the side of a truck, and caused the truck to flip onto its side. As a result of the accident, both the driver of the truck and the passenger riding on the back of defendant's motorcycle sustained serious bodily injuries. A test of defendant's blood shortly after the collision revealed that his blood-alcohol content was .237 grams of alcohol per one hundred milliliters of blood.

Pursuant to a plea agreement in which the remaining charges were dismissed, defendant pleaded guilty to a single amended count of vehicular assault while under the influence of alcohol, a class four felony with a presumptive sentencing range of two to six years in the custody of the Department of Corrections (DOC). Sections 18–1.3–401(1)(a)(V)(A), 18–3–205(1)(b), C.R.S.2005. The amended count to which defendant pleaded guilty specifically named both of the victims who had suffered serious bodily injuries. The plea agreement did not contain any sentencing concessions.

Defendant signed a written advisement form in which he acknowledged that, if the trial court made a finding of "extraordinary or sentence enhancing circumstances," he could be sentenced to serve up to twelve years in the custody of the DOC. Consistent with this admonition, at the providency hearing the trial court advised defendant that he

could receive a sentence of as long as twelve years "with aggravation." After defendant verified his understanding, the court accepted his plea.

At the sentencing hearing, the court found three aggravating circumstances: (1) there were two victims; (2) the victims' injuries were severe; and (3) defendant had a blood-alcohol level of .237. Based on these findings, the court determined that a sentence within the aggravated range was warranted. Accordingly, the court sentenced defendant to ten years in the custody of the DOC, plus three years of mandatory parole.

Defendant appealed, arguing that, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), his aggravated range sentence was unconstitutional because it had been imposed based on facts not found by a jury. Based on then existing precedent, *see People v. Moon*, 121 P.3d 218 (Colo.App.2004), *vacated*, 2006 WL 1530085 (Colo. No. 04SC800, June 5, 2006); *People v. Solis–Martinez*, 121 P.3d 215 (Colo.App. 2004), *vacated*, 2006 WL 1530196 (Colo. No. 05SC37, June 05, 2006), we agreed with defendant's arguments and held that a remand for resentencing within the presumptive range was required under *Blakely*. *People v. Watts*, 2005 WL 851509 (Colo.App. No. 04CA0731, Apr. 14, 2005)(not published pursuant to C.A.R. 35(f)).

Thereafter, the supreme court granted certiorari review of our decision, vacated the judgment of this court, and remanded "for reconsideration in light of *Lopez v. People*, 113 P.3d 713 (Colo.2005); *DeHerrera v. People*, 122 P.3d 992 (Colo.2005); *People v. Isaacks*, 133 P.3d 1190 (Colo.2006); and *People v. Huber*, 139 P.3d 628 (Colo.2006)." *People v. Watts*, 2006 WL 1530191 (Colo. No. 05SC338, June 5, 2006).

Based on our consideration of these authorities, all of which were announced after our initial decision, we now conclude that defendant's sentence is constitutional.

## II.

■ In *Apprendi v. New Jersey, supra*, 530 U.S. at 490, 120 S.Ct. at 2362–63, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Court reiterated this holding in *Blakely v. Washington, supra*, and clarified that the "statutory maximum" is the maximum sentence a judge may impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington, supra*, 542 U.S. at 303–04, 124 S.Ct. at 2537 (emphasis omitted).

Here, the trial court sentenced defendant in the aggravated range pursuant to the following statutory provision:

> In imposing a sentence to incarceration, the court shall impose a definite sentence which is within the presumptive ranges set forth in subsection (1) of this section unless it concludes that extraordinary mitigating or aggravating circumstances are present, are based on evidence in the record of the sentencing hearing and the presentence report, and support a different sentence which better serves the purposes of this code with respect to sentencing, as set forth in section 18–1–102.5. If the court finds such extraordinary mitigating or aggravating circumstances, it may impose a sentence which is lesser or greater than the presumptive range; except that in no case shall the term of sentence be greater than twice the maximum nor less than one-half the minimum term authorized in the presumptive range for the punishment of the offense.

Section 18–1.3–401(6), C.R.S.2005.

In *Lopez v. People, supra*, 113 P.3d at 716, 719–20, the supreme court explained that, in certain circumstances, an aggravated range sentence can be imposed under this provision in accord with *Blakely*:

> Section 18–1.3–401(6) does not mandate a restricted or increased sentencing range based on judicial fact-finding. Under that section, the existence of a constitutionally-permissible aggravating or mitigating fact widens the sentencing range on both the minimum and maximum ends, to a floor of

one-half the presumptive minimum up to a ceiling of double the presumptive maximum. The sentencing judge then has full discretion to sentence within this widened range according to traditional sentencing considerations. However, if the [sentencing] judge must find additional facts in order to impose a sentence outside of the presumptive range, the rule of *Blakely* applies.

The court further explained:

In light of *Blakely,* section 18–1.3–401(6) aggravated sentencing may rely on at least one of four kinds of facts: (1) facts found by a jury beyond a reasonable doubt; (2) facts admitted by the defendant; (3) facts found by a judge after the defendant stipulates to judicial factfinding for sentencing purposes; and (4) facts regarding prior convictions.

*Lopez v. People, supra,* 113 P.3d at 719.

Here, it is undisputed that defendant's sentence was not based on the first, third, or fourth kind of facts enumerated by the supreme court in *Lopez.* Therefore, we shall restrict our analysis to an examination of whether defendant's sentence was properly imposed based on the second type of fact (denominated as a *"Blakely*-compliant" fact in *Lopez* ). For this same reason, we need not discuss *DeHerrera v. People, supra,* or *People v. Huber, supra,* as those decisions upheld aggravated range sentences based on the fact of the defendants' prior convictions (denominated as a *"Blakely*-exempt" fact in *Lopez* ) without further elaborating on what procedural requirements *Blakely* demands for an aggravated range sentence that is imposed based on admitted facts unrelated to a prior conviction.

In *Lopez,* the supreme court held that the defendant's plea agreement, "although notifying him of the possibility of [an aggravated range] sentence and admitting to certain facts, does not authorize the judge's use of other facts Lopez did not admit to aggravate the sentence." *Lopez v. People, supra,* 113 P.3d at 727. However, because the supreme court concluded that the trial court had imposed Lopez's aggravated range sentence based in part on a prior conviction, the court determined that it did not need to address

the trial court's reliance upon facts which Lopez had not admitted (that is, his failures in a treatment program and his positive urinalysis results, while under supervision pursuant to a deferred judgment and sentence agreement). The court reasoned:

One *Blakely*-compliant or *Blakely*-exempt factor is sufficient to support an aggravated sentence. *A sentencing judge can constitutionally consider any fact that was admitted by the defendant,* found beyond a reasonable doubt by a jury, found by a judge after the defendant assented to judicial fact-finding for sentencing purposes, or related to a prior conviction. Under state law, that constitutionally permissible fact opens a wider sentencing range under section 18–1.3–401(6).

. . . One such valid factor supporting a discretionary aggravated sentence within the broadened section 18–1.3–401(6) range satisfies constitutional and statutory requirements for the protection of defendants.

*Lopez v. People, supra,* 113 P.3d at 731 (emphasis added).

More recently, in *People v. Isaacks, supra,* 133 P.3d at 1191, the supreme court analyzed the constitutionality of an aggravated range sentence that was imposed based on a judicial finding that certain facts alleged in the presentence report, to which the defendant had not objected, constituted extraordinary aggravating circumstances under § 18–1.3–401(6). The court held that, absent a stipulation to the relevant facts or consent to judicial fact-finding, *"Blakely* does not permit a sentencing court to use a defendant's factual admissions to increase his sentence unless the defendant first effectuates a knowing, voluntary, and intelligent waiver of his *Blakely* rights." *People v. Isaacks, supra,* 133 P.3d at 1195.

The foregoing statement could be construed as an indication that an aggravated range sentence pursuant to § 18–1.3–401(6) cannot be imposed based on facts admitted as part of a defendant's guilty plea unless the defendant was specifically advised that the factual admissions he made as part of the guilty plea could form the basis for imposi-

tion of an aggravated range sentence. However, a contextual reading of the statement reveals that the court's holding in *Isaacks* was much narrower, and that it was consistent with the following statement contained in a footnote of *Lopez*:

> We do not hold that a defendant must admit that relevant facts are extraordinary aggravating circumstances. We conclude that this determination is a conclusion of law that remains within the discretion of the trial court if it is based on *Blakely* compliant or *Blakely* exempt facts.

*Lopez v. People, supra,* 113 P.3d at 727 n. 11.

In *Isaacks,* the charge to which the defendant pleaded guilty was an added charge that was not supported by the facts of the case. Thus, the defendant waived the establishment of a factual basis for his plea. At the sentencing hearing, the trial court found that an aggravated range was justified based on the following factors:

> First, the judge noted the seriousness and violent nature of Isaacks's conduct on the day of the incident. The judge also observed that the conviction "involve[d] conduct which ... apparently has been ongoing for a significant period of time." Further, the judge noted that Isaacks had seen nine therapists and tried seven medications, and concluded that "it's a little difficult for me to say, well, let's try a tenth therapist and an eighth medication without a specific recommendation from somebody ...." Finally, the judge considered the fact that Isaacks's history included the abuse of six illegal drugs.

*People v. Isaacks, supra,* 133 P.3d at 1192. Although the supreme court did not state whether Isaacks's use of illegal drugs had resulted in a conviction, we may infer that it did not because the supreme court did not rely on the prior conviction exception to the rule of *Apprendi* and *Blakely.*

In determining whether Isaacks's aggravated range sentence was constitutionally proper, the supreme court explained what is required for a valid waiver of a defendant's *Blakely* rights: "The trial court may not ... use '[f]acts admitted by the defendant' to aggravate a defendant's sentence unless the defendant knowingly, voluntarily, and intelli-

gently waives his jury-trial rights with respect to those facts." *People v. Isaacks, supra,* 133 P.3d at 1194–95 (quoting *Lopez, supra,* 113 P.3d at 716). Applying that standard to the case before it, the *Isaacks* court observed that the trial court's factual finding of extraordinary aggravating circumstances was, like the judicial finding of racial animus in *Apprendi,* and the judicial finding of "deliberate cruelty" in *Blakely,* based on facts which the defendant had not admitted as part of his plea, and which he had not consented to have determined by a judge rather than by a jury. The court rejected the People's assertion that Isaacks's failure to object to the presentence report constituted a sufficient waiver, finding that such inaction was not an adequate substitute for a knowing, voluntary, and intelligent waiver of the right to have a jury determine the facts forming the basis for an aggravated range sentence. Accordingly, the court vacated the sentence and remanded for resentencing within the presumptive range.

Although the supreme court did not uphold the aggravated range sentence in *Isaacks* on the basis of admissions made as part of the defendant's guilty plea, (because, as set forth above, the defendant had pleaded guilty to an added charge that was not supported by the facts, and had waived establishment of a factual basis for his plea), the court set forth the circumstances in which it is constitutionally permissible, under *Blakely,* to impose an aggravated range sentence on this basis: the admitted facts must be "essential" to the defendant's guilty plea in that they are necessary to "establish the elements of the charged offense." *People v. Isaacks, supra,* 133 P.3d at 1193. Here again, to understand the holding in *Isaacks,* we draw guidance from *Lopez .*

In *Lopez,* the supreme court overruled *People v. Moon, supra,* insofar as that decision had held that the "trial court erred when it found that 'the underlying offense constituted an extraordinary aggravating circumstance[,]' whereas such a conclusion may be proper under [*People v. Leske,* 957 P.2d 1030, 1044 (Colo.1998) ]." *Lopez v. People, supra,* 113 P.3d at 729 n. 13 (quoting *People v. Moon, supra,* 121 P.3d at 222). This obser-

vation informs our understanding of *Isaacks* because *People v. Leske, supra*, specifically rejected the proposition "that an element is 'an essential constituent of the crime and cannot logically also constitute an "extraordinary aggravating" attendant circumstance,' " while at the same time stating that "[a] trial court may not impose an aggravated sentence based *solely* upon the fact that the elements of the offense were proven." *People v. Leske, supra*, 957 P.2d at 1044 & n. 18 (quoting *People v. Manley*, 707 P.2d 1021, 1023 (Colo.App.1985))(emphasis added).

With these principles in mind, we turn to the case at hand.

It is an essential element of vehicular assault while under the influence of alcohol that the defendant's conduct be the proximate cause of "serious bodily injury to another." Section 18–3–205(1)(b)(I), C.R.S.2005.

When defendant tendered his guilty plea to the single amended count of vehicular assault while under the influence of alcohol that named both victims, the trial court advised him that he was waiving his right to have a jury trial on the "original charges" in which the two victims had been named in separate counts. Defendant indicated that he understood. In addition, defendant verified that he had signed a written Crim. P. 11 advisement form waiving his right to have a jury determine whether all the elements of the charges were supported by proof beyond a reasonable doubt. We consider it significant that, by signing the written advisement, defendant specifically acknowledged that "[t]he essential elements of the crime to which I am pleading guilty are attached to this document." And the attached document setting forth the elements of the offense named *both* victims.

In summary, the fact that the two victims suffered serious bodily injuries was an essential element of the offense as set forth in the amended count, and defendant knowingly, voluntarily, and intelligently waived his right to have that fact proved beyond a reasonable doubt to a jury. Accordingly, we conclude the trial court's imposition of an aggravated range sentence based on the fact that two victims sustained serious bodily injuries was

proper under *Apprendi* and *Blakely*, as interpreted in *Lopez* and *Isaacks*.

In light of this determination, we need not address the People's claim—put forth in their response to defendant's motion asking that we reaffirm our original decision—that the trial court's imposition of an aggravated range sentence based on the severity of the victims' injuries was proper under *Blakely* simply because § 18–1.3–401(8)(f), C.R.S. 2005, permits a court to "consider aggravating circumstances such as serious bodily injury caused to the victim … notwithstanding the fact that such factors constitute elements of the offense." *See Lopez v. People, supra*, 113 P.3d at 731 (one *Blakely*-compliant factor is sufficient to support an aggravated sentence).

### III.

■ Finally, defendant argues that the trial court abused its discretion by imposing a ten-year sentence. We disagree. Sentencing is a discretionary function, and because the trial court is more familiar with the defendant and the circumstances of the case, it is accorded wide latitude in its decisions on such matters. Thus, a trial court's sentencing decision will not be disturbed absent a clear abuse of discretion. *People v. Watkins*, 684 P.2d 234 (Colo. 1984).

■ In exercising its sentencing discretion, a trial court must consider the nature and elements of the offense, the character and rehabilitative potential of the offender, any aggravating or mitigating circumstances, and the public interest in safety and deterrence. *People v. Eurioste*, 12 P.3d 847 (Colo. App. 2000).

■ When a sentence outside the presumptive range is imposed, the court is required to make findings as to the aggravating circumstances that justify variation from the presumptive range and the reasons for imposing the sentence. section 18–1.3–401(7), C.R.S. 2005. A reasonable explanation of the sentence imposed will suffice, provided the record of the sentencing proceeding indicates that the court considered the essential statutory factors. *People v. Eurioste, supra*.

As an initial matter, we reject defendant's suggestion that the trial court abused its discretion in its preliminary decision to depart from the presumptive range because the court relied entirely on factors which were not *Blakely*-compliant (a distinct issue from the question, discussed below, of whether the court abused its discretion in setting the length of the sentence *within* the aggravated rang). In light of our determination that the court's reliance on the fact that defendant caused serious bodily injury to two separate victims was in accord with *Blakely*, nothing more is required for purposes of constitutional statutory inquiry. *See Lopez v. People, supra*, 113 P.3d at 731 (one valid factor is sufficient to support an aggravated sentence). Further, the court's reference to the number of victims was a sufficiently specific articulation of an aggravating circumstance justifying a departure from the presumptive range. *See People v. Broga*, 750 P.2d 59, 62 (Colo. 1988)("Where the sentencing court finds several factors justifying a sentence in the aggravated range, only one of those factors need be legitimate to support the sentencing court's decision.").

Turning to the court's exercise of its discretion in establishing the length of the sentence within the aggravated range, we are satisfied that the trial court gave due consideration to all relevant sentencing factors, including defendant's expression of remorse, his rehabilitative potential, and the fact that one of the victims made a decision to ride on the back of defendant's motorcycle. Accordingly, we cannot say the trial court acted outside the wide boundaries of its discretion.

The sentence is affirmed.

Judge TAUBMAN and Judge NEY * concur.