The Colorado Bar > For Members > Opinions Rules Statutes > Colorado Court of Appeals Opinions > View
 
 
 
 
 


 











 
 
 




 
 
 
 
 
 
 
 
 
 
 
 
 
 GO





 
 
 
 

 
About the CBA
For Members
For the Public
Casemaker/ Fastcase
Colorado Lawyer
Licensed Lawyer
Calendar
Jobs Board
Local Bar Associations
Diversity and Specialty Bar Associations
 








 
 
 
 
 
 


 
 
 
 
 
 
 
 
 
 
 
 Login

 

 
About the CBA
For Members
For the Public
Casemaker/ Fastcase
Colorado Lawyer
Licensed Lawyer
Calendar
Jobs Board
Local Bar Associations
Diversity and Specialty Bar Associations
 








 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 



 
 
 
 

 COVID Protocols
 CLE HOME
 MY COBAR
 CONTACT
 Cart
 Cba community





 














 
 
 My Account

 Member Login

 
 
 
 
 
 
 
 
 
 
  >
 For Members > Opinions Rules Statutes > Colorado Court of Appeals Opinions > View
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 



 
 
 
 2021 COA 124. No. 19CA1196. People v. Medina



 
 
 
 
 

 
 


2021 COA 124. No. 19CA1196. People v. Medina. Alford Plea—Waiver of Factual Basis of Charge—Due Process—Crim. P. 11.

Defendant was arrested and charged with felony menacing—real/simulated weapon. He entered into a plea under North Carolina v. Alford, 400 U.S. 25 (1970), in which he waived the factual basis of the charge and pleaded guilty to the menacing charge with a stipulated one-year sentence in the custody of the Department of Corrections, in exchange for dismissal of charges in five other cases. Defendant later attempted to withdraw his plea. The court denied the motion and sentenced him in accordance with the plea agreement. Defendant then filed a motion for postconviction relief, which the court also denied.

On appeal, defendant argued that (1) due process required the district court to ensure that he intelligently concluded that his interests required entry of a guilty plea; and (2) because an Alford plea must be supported by “strong” record evidence, the district court erred by allowing defendant to waive this requirement. Under an Alford plea, a defendant maintains his or her innocence but nonetheless enters a guilty plea for the charged offense. This plea is permitted if a defendant intelligently concludes that it is in his or her interests to enter a guilty plea and the record before the judge contains strong evidence of actual guilt. A defendant may waive a judicial finding of a strong factual basis of actual guilt, and the waiver does not violate due process if a district court strictly complies with Crim. P. 11. Here, plea counsel’s waiver of the factual basis on defendant’s behalf at the providency hearing complied with Crim. P. 11, and the record supports defendant’s acceptance of the plea as knowing, voluntary, and intelligent. Further, defendant waived the factual basis through plea counsel to take advantage of the generous global disposition of his other cases because it served his interests.

The order was affirmed.





 
 

 








 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 



 
 
 
 

 
 
 About Us
 Membership
 For Lawyers
 Young Lawyers Division
 
 
 
 
 Calendar
 For the Public
 From the Courts
 
 
 
 
 Volunteer
 Classifieds
 Social Media Policy and User Agreement
 Privacy Policy
 
 





 














 Copyright © 2021. Colorado Bar Association License Agreement

 
 
 



 
 
 
 

303-860-1115
1290 Broadway, Suite 1700  | Denver, CO 80203

 
 
 
 





 














 
 
 
 
 
 
 
 
 
 
 
 
 
 
 Licensed Lawyer
 Join CBA
 CLE Home
 
 Register

 
 
 Member Login

 
 CONTACT
 
 
 
 top