23CA0539 Peo v Hollingsworth 07-18-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA0539 El Paso County District Court No. 18CR2873 Honorable Monica J. Gomez, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Travis Glenn Hollingsworth, Defendant-Appellant. APPEAL DISMISSED IN PART AND ORDER AFFIRMED Division III Opinion by JUDGE DUNN Yun and Moultrie, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 18, 2024 Philip J. Weiser, Attorney General, Frank R. Lawson, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Colorado Legal Defense Group, Mark T. Savoy, Denver, Colorado, for Defendant-Appellant 
1 ¶ 1 Defendant, Travis Glenn Hollingsworth, appeals the district court’s order revoking his probation and resentencing him in violation of Crim. P. 11(b)(6). We dismiss the appeal in part and otherwise affirm. I. Background ¶ 2 The prosecution charged Hollingsworth with sexual assault, second degree assault, and unlawful sexual contact based on allegations that he physically and sexually assaulted his wife. ¶ 3 As part of a plea agreement, Hollingsworth pleaded guilty to second degree assault and unlawful sexual contact. In exchange, the prosecution dismissed the sexual assault count. The district court sentenced Hollingsworth to five years of supervised probation. One of the probation conditions required Hollingsworth to complete sex offender treatment. ¶ 4 Less than one year later, probation filed a complaint to revoke Hollingsworth’s probation (the 2020 complaint). The 2020 complaint alleged that Hollingsworth had been discharged from Wisdom Works Counseling Services (WWCS) for failure to progress in his sex offender treatment program. Specifically, WWCS discharged Hollingsworth from treatment “due to his denial of his 
2 sexual offense.” However, probation later withdrew the 2020 complaint when Hollingsworth began treatment with a new provider, Bijou Treatment and Training Institute (BTTI). ¶ 5 About two years later, probation filed a second complaint to revoke Hollingsworth’s probation (the 2022 complaint). The 2022 complaint alleged that BTTI discharged Hollingsworth for failure to progress in his sex offender treatment program. In a letter to Hollingsworth’s probation officer, BTTI explained that Hollingsworth was resistant to participate in his treatment, he struggled to take ownership of his offense, and his attendance was problematic. ¶ 6 After an evidentiary hearing, the district court concluded that Hollingsworth violated the conditions of his probation (as to the unlawful sexual contact count only) and revoked his probation on that count for failure to comply with sex offender treatment. The court resentenced him on that count to five years of probation along with sixty days of jail and again ordered him to complete sex offender treatment. ¶ 7 Hollingsworth appeals the order revoking his probation and resentencing him in violation of Crim. P. 11(b)(6). 
3 II. Discussion ¶ 8 Hollingsworth contends the district court erred by (1) “sentencing” him with “little to no factual basis” in violation of Crim. P. 11(b)(6), and (2) revoking his probation based on “behavior” that was “outside of the scope of the plea agreement.” Because his first contention is not properly before us, we dismiss that portion of the appeal. We affirm the district court’s revocation of his probation. A. Crim. P. 11(b)(6) ¶ 9 A district court shall not accept a guilty plea unless it determines, among other things, that a factual basis for the plea exists. Crim. P. 11(b)(6). However, a defendant may waive the establishment of a factual basis for the charge to which he pleads guilty. Id.; see also People v. Medina, 2021 COA 124, ¶ 18. ¶ 10 As we understand it, Hollingsworth asserts that the district court failed to comply with Crim. P. 11(b)(6) when it originally “sentenced” him and when it “resentenced” him following revocation of his probation. But Crim. P. 11(b)(6) applies to a defendant’s plea. See Crim. P. 11(b)(6) (“The court shall not accept a plea of guilty . . . without first determining . . . [t]hat there is a factual basis for the plea.”) (emphasis added); see also Medina v. People, 2023 CO 46, 
4 ¶ 19 (noting that Crim. P. 11 “govern[s] the procedures by which a defendant may plead guilty” and “[c]ompliance with Crim. P. 11 ‘normally will satisfy constitutional due process concerns’” (quoting People v. Dist. Ct., 868 P.2d 400, 404 (Colo. 1994))). And Crim. P. 11(b) does not apply to revocation proceedings. See Finney v. People, 2014 CO 38, ¶ 24 (concluding that “a probationer facing revocation does not enter a ‘plea’ to a violation, but rather, is required to ‘admit or deny’ the charges,” and therefore, Crim. P. 11(b) does not apply). ¶ 11 Hollingsworth’s contention therefore actually targets the validity of his guilty plea — his original conviction. But Hollingsworth didn’t file a Crim. P. 35(c) to challenge his guilty plea. See People v. Rockwell, 125 P.3d 410, 414 (Colo. 2005) (“[M]otions that challenge the validity of a defendant’s plea or the manner in which it was taken are properly brought under Crim. P. 35(c).”). Because the only issue before us is the order revoking and resentencing Hollingsworth to probation, and because Crim. P. 11(b) doesn’t apply to revocation proceedings, we dismiss the appeal as to Hollingsworth’s contention that the district court failed to comply with Crim. P. 11(b)(6). 
5 B. Probation Revocation ¶ 12 Whether a defendant violated any condition of probation is a question of fact that the prosecution must establish by a preponderance of the evidence. People v. Gravina, 2013 COA 22, ¶ 15. We review questions of fact for clear error, meaning “factual findings are ‘binding unless so clearly erroneous as not to find support in the record.’” People v. Turner, 2022 CO 50, ¶ 19 (quoting Melssenn v. Auto-Owners Ins. Co., 2012 COA 102, ¶ 16). Once it is determined that the defendant has violated a condition of probation, the district court has discretion whether to revoke his probation. People v. Fair, 2013 COA 41, ¶ 12. We will not disturb the court’s decision to revoke probation unless that determination is contrary to the manifest weight of the evidence. Gravina, ¶ 15. ¶ 13 Hollingsworth asserts that the record doesn’t support the district court’s finding that he violated probation because the treatment providers (WWCS and BTTI) discharged him from treatment for “denying acts outside of the underlying offense to which he pleaded guilty” — namely, for refusing to admit that he sexually assaulted his wife. In support, he points to the letters from WWCS and BTTI, which he asserts convey that his rejection 
6 from treatment was based on the failure to admit to the dismissed count of sexual assault. ¶ 14 As an initial matter, Hollingsworth’s discharge from sex offender treatment by WWCS was the basis for the 2020 complaint — a complaint that was ultimately withdrawn — not the 2022 complaint, which was based on his discharge from BTTI. Thus, Hollingsworth’s discharge from treatment by WWCS was not before the district court in the 2022 probation revocation proceedings. And based on our review of the record provided, we see nothing to suggest that the court considered the 2020 WWCS discharge to revoke Hollingsworth’s probation in 2022.
1 ¶ 15 We likewise reject Hollingsworth’s assertion that the district court impermissibly revoked his probation based on BTTI’s discharge that, he maintains, required him to admit conduct that was “outside of the scope of the plea agreement.” 1 The record doesn’t include all of the transcripts from the 2022 revocation proceedings. See C.A.R. 10(d)(3) (“The appellant must include in the record transcripts of all proceedings necessary for considering and deciding the issues on appeal.”). We therefore presume that omitted portions of the record support the court’s order. See People v. Duran, 2015 COA 141, ¶ 12. 
7 ¶ 16 Nothing in BTTI’s discharge letter states that Hollingsworth was forced to admit to conduct that formed the basis for the dismissed sexual assault charge as opposed to the unlawful sexual contact charge. Rather, the letter asserts that Hollingsworth was discharged from treatment due to his “non-compliance” for having “made minimal progress” and being “resistant” overall to participate in treatment. The letter details that Hollingsworth struggled with owning the offense “as he wrote about it” and has “regressed” to “denial of his offense and victim blaming.” Moreover, the letter outlines eleven absences from various group and individual treatment sessions and five “warning/zero tolerance letters,” and concludes that Hollingsworth is a community safety risk due to his lack of progress in treatment. ¶ 17 Based on this record, we perceive no abuse of discretion in the district court’s decision to revoke Hollingsworth’s probation. The court found that Hollingsworth violated the condition requiring him to successfully complete sex offender treatment, and this finding has substantial record support. See People v. Ickler, 877 P.2d 863, 867 (Colo. 1994) (a court may revoke probation for failure to comply with a sex offender treatment program); People v. Lientz, 2012 COA 
8 118, ¶ 44 (a court may revoke probation if a probationer violates any condition of probation). III. Disposition ¶ 18 The appeal is dismissed in part and the order revoking probation is affirmed. JUDGE YUN and JUDGE MOULTRIE concur.