22CA0960 Peo v Brown 02-20-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 22CA0960
Logan County District Court No. 18CR161
Honorable Stephanie M. G. Gagliano, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Devien Patrick Brown,

Defendant-Appellant.

---

SENTENCE AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE FREYRE
Schock and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 20, 2025

---

Philip J. Weiser, Attorney General, Lane Towery, Assistant Attorney General
Fellow, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kira L. Suyeishi, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Devien Patrick Brown appeals the aggravated range prison sentence imposed upon resentencing after he admitted violating a condition of his sex offender intensive supervision probation (SOISP). We affirm.

## I.    Background

¶ 2    Based on evidence that Brown reached into a shower, touched an eight-year-old girl's vagina, and tried to insert his finger, the prosecution charged him with sexual assault on a child (SAOC), a class 4 felony. At the time, Brown was twenty-four years old and had no criminal convictions. He pleaded guilty to attempted SAOC, a class 5 felony, in exchange for dismissal of the original charge in this case and dismissal of a separate case charging two counts of SAOC with a thirteen-year-old victim. The plea agreement included no sentencing concessions. And the amended information listed only the eight-year-old victim, T.L.

¶ 3    At the providency hearing, the district court advised Brown that by pleading guilty, he was giving up the constitutional right to two jury trials and many specific rights intrinsic to his jury trial right. Brown stated that he understood his rights, the charge, and the possible sentences, and then pleaded guilty. Brown's counsel

waived the establishment of a factual basis for the plea. The court found that an affidavit in the court file provided a factual basis; that Brown's waiver of his right to a jury trial was knowing, voluntary, and intelligent; and that Brown understood the elements of the charge to which he was pleading guilty.

¶ 4 The district court followed the probation department's recommendation and sentenced Brown to ten years of SOISP. After about two years, the department alleged that Brown had violated three conditions of SOISP, and the court approved additional probation conditions as a sanction. Six weeks later, the department alleged that a search of Brown's home had revealed nine additional violations. Brown was unsuccessfully discharged from offense-specific treatment, and the department filed a complaint to revoke his probation.

¶ 5 A different judge presided at Brown's probation revocation hearing, where he pleaded guilty to violating one of his SOISP conditions: unapproved use of the internet. The court revoked Brown's SOISP sentence.

¶ 6 Before resentencing Brown, the district court reviewed the existing court file and an updated presentence investigation report

2

(PSIR), and it heard statements from both of Brown's victims. The court expressed serious concern about Brown's noncompliance with sex offender treatment. It found "exceptional circumstances" under section 18-1.3-401(8)(f), C.R.S. 2024, noting "the crimes that did take place, the age difference, the coercion, the manipulation, the age of these victims, [and] the status of [Brown] in relation to each of these named victims." The court found "exceptional aggravation in this matter. And on the Attempted Sex Assault of a Child by a Person in a Position of Trust with a victim such as these victims' ages were, you are going to be sentenced to the Department of Corrections [(DOC)] for a period of six years."

## II.    Discussion

¶ 7    Brown challenges his aggravated range DOC sentence. He contends that the sentence violates his constitutional right to a jury trial under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *Blakely v. Washington*, 542 U.S. 296, 303 (2004). He also contends that the district court erred by misapprehending the offense to which he pleaded guilty. We perceive no reversible error.

## A.    Standard of Review

¶ 8    We review constitutional challenges to sentencing determinations de novo. *Lopez v. People*, 113 P.3d 713, 720 (Colo. 2005). Ordinarily, nonconstitutional sentencing challenges are reviewed for an abuse of discretion. *Id.* But when, as in this case, a defendant fails to preserve a sentencing issue, we will reverse only for plain error. *See People v. Sandoval*, 2018 CO 21, ¶ 11. Because Brown did not object to his sentence on any basis at his sentencing hearing, we will reverse his sentence only if any error was both obvious and substantial — so undermining the fundamental fairness of the sentencing hearing as to cast serious doubt on the reliability of the sentence. *See People v. Banark*, 155 P.3d 609, 611 (Colo. App. 2007).

## B.    No Obvious *Apprendi*/*Blakely* Error

¶ 9    Brown contends that his sentence is unconstitutional because the district court found extraordinary aggravating circumstances based on improper judicial factfinding under *Apprendi* and *Blakely*. We disagree.

4

### 1. Applicable Law

¶ 10    A person commits attempted SAOC, a class 5 felony, when that person knowingly engages in conduct constituting a substantial step toward any sexual contact with a victim less than fifteen years of age, and the person is at least four years older than the victim. *See* § 18-3-405(1)-(2), C.R.S. 2024; § 18-2-101(4), C.R.S. 2024. The maximum presumptive range sentence for attempted SAOC is three years in the DOC. *See* § 18-1.3-401(1)(a)(V)(A). If the court finds extraordinary aggravating circumstances, it may impose a DOC sentence of up to six years. § 18-1.3-401(6).

¶ 11    Under *Apprendi* and *Blakely*, there are four types of facts that are valid to support criminal penalties above the presumptive range maximum: (1) facts admitted by the defendant; (2) facts found by a jury, as reflected in its verdict; (3) facts found by a court after the defendant stipulates to judicial factfinding; and (4) the fact of a prior conviction. *Lopez*, 113 P.3d at 723. The first type of fact, relevant here, and the second and third type, are "*Blakely*-compliant," while the fourth type is "*Blakely*-exempt." *Id.*

¶ 12    When a defendant pleads guilty, he ordinarily admits that he committed the crime charged against him.  *People v. Medina*, 2021 COA 124, ¶ 22, *aff'd on other grounds*, 2023 CO 46.  But "a sentencing court may not use a defendant's admissions to sentence him in the aggravated range unless the defendant knowingly, voluntarily and intelligently waives his Sixth Amendment right to have a jury find the facts that support the aggravated sentence." *People v. Isaacks*, 133 P.3d 1190, 1192 (Colo. 2006).

¶ 13    One *Blakely*-compliant fact is sufficient to support an aggravated sentence.  *Lopez*, 113 P.3d at 731.  Once a sentencing court identifies a single *Blakely*-compliant fact and determines that the fact constitutes an extraordinary aggravating circumstance, the legal sentencing range "widens . . . up to a ceiling of double the presumptive maximum." *Id.*; *see* § 18-1.3-401(6).  At that point, the sentencing judge has full discretion to sentence within this widened range "even if the sentencing judge also considered factors that were not *Blakely*-compliant or *Blakely*-exempt." *Lopez*, 113 P.3d at 731.

## 2. Application

¶ 14 The relevant dispute is a narrow one. It is undisputed that Brown knowingly, voluntarily, and intelligently waived his right to have a jury find the facts he admitted as part of his plea agreement. *See Isaacks*, 133 P.3d at 1192. Brown agreed to a possible sentence in the aggravated range, and it was within the court's discretion to consider the victim's age as an extraordinary aggravating circumstance. *See, e.g.*, *People v. Bass*, 155 P.3d 547, 555 (Colo. App. 2006) (holding that the trial court did not err by imposing an aggravated sentence based on the victim's advanced age). The parties agree that the court considered facts that were not *Blakely*-compliant or *Blakely*-exempt in imposing an aggravated range sentence. Our resolution of this issue rests on the answer to one dispositive question: Did Brown admit, as part of his plea agreement, one aggravating fact considered by the court — that T.L. was only eight years old at the time of the pleaded offense? We conclude that he did.

¶ 15 As relevant here, Brown initialed the following provisions in his written advisement:

- "I wish to plead GUILTY to: Added Count One – ATTEMPTED SEXUAL ASSAULT ON A CHILD – VICTIM LESS THAN 15 – C.R.S. 18-3-405(1) and 18-2-101, C.R.S., a class 5 felony. *See attachment for elements of this charge.*" (Emphasis added.)

- "The elements *of the charge(s) to which I am pleading guilty* have been explained to me (*per Attachment*). I understand fully everything the prosecutor would have had to prove beyond a reasonable doubt to each and every member of a 12-person jury before I could have been convicted." (Emphases added.)

¶ 16    Brown's opening brief concedes that his written advisement "referred to the Amended Information which set forth the elements" of attempted SAOC. The order and dates of the documents in the record support this concession, as does the plain language of the advisement. The advisement states that Brown pleaded guilty to "Added Count One" — which was defined by the Amended Information — and repeatedly references the elements of *the charge* (rather than statutory elements of the crime). *See* Black's Law Dictionary 265 (9th ed. 2009) (defining "charge" as "[a] formal accusation of an offense as a preliminary step to prosecution").

8

¶ 17    The amended information charges "Count One – ATTEMPTED SEXUAL ASSAULT ON A CHILD – VICTIM LESS THAN 15 (F5)," with a description including T.L.'s age at the time of the offense, as follows:

> Between and including August 1, 2017 and September 30, 2017, by engaging in conduct constituting a substantial step toward the commission of sexual assault on a child, DEVIEN PATRICK BROWN unlawfully, feloniously, and knowingly attempted to subject T.L. (D.O.B. 03/20/2009), not his spouse, to sexual contact and the victim was less than fifteen years of age and the defendant was at least four years older than the victim; in violation of sections 18-3-405(1) and 18-2-101, C.R.S.

¶ 18    A division of this court addressed an analogous situation in *People v. Watts*, 165 P.3d 707, 711 (Colo. App. 2006). Like Brown, the defendant in *Watts* pleaded guilty to an amended charge and acknowledged that the elements of the offense were attached to his written advisement; the attached document contained a fact (two victims) outside the statutory elements of the crime. *See id.* at 712. In *Watts*, the division concluded that the defendant had admitted the fact that his crime involved two victims. *Id.* Accordingly, it held

9

that the defendant's aggravated sentence was proper under *Apprendi* and *Blakely*. *Id.* at 710-12.

¶ 19    Considering the foregoing, we conclude that when Brown pleaded guilty to the charge in his amended information, he admitted the fact of T.L.'s age. We perceive no obvious error in imposing an aggravated sentence based on the *Blakely*-compliant fact that T.L. was well below the statutorily required age of less than fifteen at the time of the offense. *See Mountjoy v. People*, 2018 CO 92M, ¶ 13 (To aggravate a defendant's sentence under a scheme such as section 18-1.3-401(6), "the trial court must rely on facts outside of the elements of the crime itself.").

¶ 20    In light of this conclusion, we need not reach Brown's argument that section 18-1.3-401(8)(f) could be unconstitutionally construed to allow an aggravated sentence based solely on the statutory elements of a crime and nothing more.

### 3.    Reply Brief Argument

¶ 21    In his reply brief, Brown attempts to rescind his concession that his written advisement referred to the amended information and argues that it is unclear which document was attached to the plea agreement. We reject this argument for three reasons.

¶ 22    First, we generally do not consider arguments raised for the first time in a reply brief. *See People v. Grant,* 174 P.3d 798, 803 (Colo. App. 2007). It would be unfair to accept Brown's change of position here, where the People's answer brief relies in substantial part on Brown's concession that the plea agreement incorporates the amended information by reference.

¶ 23    Second, the record indicates that the amended information was attached to the plea agreement. In the appellate court file, as well as in the "Plea Agreement" filed with the district court, the amended information is the first page that describes the elements of the charged offense after the signed plea agreement and advisement. *See People v. Sa'ra,* 117 P.3d 51, 56 (Colo. App. 2004) (Appellate courts may "take judicial notice of court records in a related proceeding."); *see also* CRE 201(c) (We may take such notice, "whether requested or not."). Moreover, the submission date of the amended information matches the date the plea agreement was signed.

¶ 24    Third, because no *Blakely* objection was raised below, we need only decide whether any error the district court made in imposing an aggravated range sentence was plain. "To qualify as plain error,

the error must be one that 'is so clear-cut, so obvious,' a trial judge should be able to avoid it without benefit of objection." *People v. Ujaama*, 2012 COA 36, ¶ 42 (citation omitted). Brown's opening brief concession demonstrates that his written advisement did not obviously refer to a different document than the one suggested by the record. Thus, any error in considering T.L.'s age to be a *Blakely*-compliant fact was not an obvious one requiring reversal.

### C. No Nonconstitutional Plain Error

¶ 25 Next, Brown contends that the district court plainly erred by sentencing him to six years in the DOC because it stated that it was sentencing Brown for attempted SAOC "by a person in a position of trust" (a class 4 felony with a presumptive sentencing range of up to six years) when he actually pleaded guilty to attempted SAOC (a class 5 felony with a presumptive range of up to three years). We reject this contention.

¶ 26 First, the record does not support Brown's assertion that the district court misapprehended the applicable class of felony and presumptive sentencing range. Even though the existing mittimus incorrectly showed that Brown was convicted of attempted SAOC by one in a position of trust, it correctly classified the conviction as a

class 5 felony. At the probation revocation hearing, the court ordered an updated PSIR and set the matter "for resentencing on the underlying class 5 felony." Before the sentencing hearing, the court reviewed the case file and updated PSIR, which named the correct offense and correct class of felony multiple times. The prosecutor asked the court "to aggravate [Brown's] sentence" to six years in the DOC or community corrections, and the court found "exceptional aggravation" before imposing a six-year DOC sentence. This record demonstrates that the district court properly understood that it was sentencing Brown for a class 5 felony with a presumptive sentencing range of up to three years.

¶ 27 Second, while the district court may have misstated the applicable statute and offense, its error in doing so was not obvious and substantial. It was not an obvious error because the existing mittimus supported that statement. And any error was not substantial because even if the court misunderstood the applicable elements of the pleaded offense, it acted within its discretion in aggravating Brown's sentence based on one *Blakely*-compliant fact. Moreover, to the extent the court referenced "the status of [Brown]

13

in relation to each of these named victims," the record supported that reference.

¶ 28    For these reasons, we cannot conclude that the district court's erroneous statement that it was sentencing Brown for attempted SAOC by one in a position of trust so undermined the fundamental fairness of the sentencing hearing as to cast serious doubt on the reliability of his sentence. *See Banark*, 155 P.3d at 611.

### III.    Correction of the Mittimus

¶ 29    As discussed in Part II.C, the mittimus incorrectly reflects that Brown pleaded guilty to attempted SAOC by one in a position of trust – victim fifteen to eighteen years old under section 18-3-405.3(1), C.R.S. 2024. The mittimus should be corrected to show that he pleaded guilty to attempted SAOC under sections 18-3-405(1) and 18-2-101. *See People v. Brown*, 2014 COA 155M-2, ¶ 40.

### IV.    Disposition

¶ 30    The sentence is affirmed, and the case is remanded for correction of the mittimus.

JUDGE SCHOCK and JUDGE SULLIVAN concur.