**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Charles D. MARTINEZ, Jr.,**
**Defendant–Appellant.**

No. 04CA2136.

Colorado Court of Appeals,
Div. V.

Sept. 22, 2005.

Rehearing Denied Nov. 23, 2005.

Certiorari Denied Feb. 6, 2006.

John W. Suthers, Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

The Joffe Law Firm, Antony M. Noble, Denver, Colorado, for Defendant–Appellant.

VOGT, J.

Defendant, Charles D. Martinez, Jr., appeals the trial court's order denying his pro se motion for postconviction relief. We affirm.

In August 2000, defendant pled guilty to vehicular assault-reckless driving, a class five felony, in exchange for the dismissal of another charge of vehicular assault-DUI.

At the January 2001 sentencing hearing, the trial court found that an aggravated range sentence, beyond the one- to three-year presumptive range for a class five felony, was warranted because defendant had committed an "offense against [a] person" and in light of defendant's prior criminal history. That history included convictions entered on pleas of guilty to an alcohol-related offense in 1994 and to two additional alcohol-related offenses committed after the offense for which defendant was being sentenced.

The court sentenced defendant to five years in the department of corrections (DOC), the sentence to be served at community corrections, plus two years of mandatory parole. In 2003, after defendant was terminated from community corrections, he was resentenced to five years in DOC.

In 2004, defendant filed a motion for postconviction relief pursuant to Crim. P. 35(a) and (c). He alleged that, under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny, including *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the sentencing court had violated his Sixth Amendment rights by imposing an aggravated range sentence on the basis of facts that had not been found by a jury.

The trial court denied the motion without a hearing. It concluded that *Apprendi* and *Blakely* did not apply retroactively to defendant's case, and it also found that the aggravated sentence was appropriate based on defendant's prior criminal history, including his "substantial record of prior DUI's."

I.

■ We first address the parties' contentions regarding whether defendant was entitled to rely on *Apprendi* and *Blakely* in seeking postconviction relief.

■ Because *Apprendi* established a new rule of constitutional criminal procedure, its rule applies in cases where the convictions at issue were not yet final when the decision was announced, but it does not apply retroactively to permit collateral postconviction attacks on convictions that were final before it was announced. *See Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004); *People v. Bradbury,* 68 P.3d 494 (Colo.App.2002). Thus, because *Apprendi* was announced before defendant's conviction was final, defendant was entitled to seek relief based on *Apprendi,* albeit under the standards applicable to constitutional claims raised for the first time in postconviction

proceedings, and the trial court erred in concluding to the contrary.

The People do not dispute the applicability of *Apprendi*. However, they contend that *Blakely* likewise set forth a new procedural rule and thus, because it was announced after defendant's conviction became final, it does not apply retroactively to defendant's case. The People cite numerous cases from other jurisdictions that have so held. In support of a contrary conclusion, defendant relies on *People v. Johnson*, 121 P.3d 285, 2005 WL 774416 (Colo.App. No. 03CA2339, Apr. 7, 2005), in which a division of this court held that *Blakely* simply explains and clarifies *Apprendi* and, therefore, it applies retroactively to the date when *Apprendi* established its new rule.

We do not decide the issue because we conclude that, even if *Blakely* and its progeny are considered, along with *Apprendi*, in assessing defendant's contention, defendant is not entitled to relief.

## II.

■ Defendant contends the sentencing court violated his rights to due process and trial by jury, as recognized in *Apprendi* and *Blakely*, when it relied on his misdemeanor convictions to impose an aggravated sentence. Specifically, defendant argues that the offenses on which the court relied were not within the "prior conviction" exception to the *Apprendi–Blakely* rule. We disagree.

The Supreme Court held in *Apprendi*, and reaffirmed in *Blakely*, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely, supra*, 542 U.S. at 296, 124 S.Ct. at 2536; *Apprendi, supra*, 530 U.S. at 490, 120 S.Ct. at 2362–63.

In *Lopez v. People*, 113 P.3d 713 (Colo. 2005), our supreme court held that at least four types of facts comply with the *Apprendi–Blakely* rule and thus are valid for use in aggravated sentencing: (1) facts admitted by the defendant; (2) facts found by the jury; (3) facts found by the court after the defendant stipulates to judicial fact-finding for sentencing purposes; and (4) the fact of a prior conviction.

■ A discretionary aggravated range sentence imposed by a trial court under § 18-1.3–401(6), C.R.S.2005, is "both constitutionally and statutorily sound" if the court relied on any one of these permissible factors, even if it also considered factors that did not fall into one of the four categories. *Lopez, supra*, 113 P.3d at 731. Thus, under *Lopez*, the imposition of a discretionary aggravated range sentence based at least in part on a defendant's prior convictions would not violate the rule of *Apprendi* and *Blakely*.

In support of a contrary conclusion here, defendant argues that the *Apprendi* "prior conviction exception" should be narrowly construed and, when so construed, can be applied only to prior felonies, not prior misdemeanors. We do not agree.

Neither *Apprendi* nor *Blakely* limits the prior conviction exception to felony convictions. Moreover, although the *Lopez* court acknowledged "some doubt about the continued vitality of the prior conviction exception," it concluded that the exception "remains valid after *Blakely*." *Lopez, supra*, 113 P.3d at 723. The court also observed that prior conviction facts are exempt from the *Apprendi–Blakely* rule "in large part because these facts have been determined by a jury beyond a reasonable doubt or admitted by the defendant in a knowing and voluntary plea agreement." *Lopez, supra*, 113 P.3d at 730.

■ Defendant nevertheless argues that the prior conviction exception should not be construed to include prior misdemeanors because misdemeanors "do not have the same procedural safeguards as felonies." However, persons charged with misdemeanors, like persons charged with felonies, are entitled to trial by jury, albeit a jury of six rather than twelve. *See* § 18-1–406(1), C.R.S.2005; *People v. Rodriguez*, 112 P.3d 693 (Colo.2005). Additionally, a trial court may accept a guilty plea in a misdemeanor case only if it is "satisfied that the defendant's decision to acknowledge guilt has been made knowingly and understandingly." *People v. Lesh*, 668 P.2d 1362, 1367 (Colo.1983). Defendant does not allege that his guilty pleas to the misde-

meanors upon which the sentencing court relied were other than knowing and intelligent.

We also note that courts in other jurisdictions have held that prior misdemeanor convictions fall within the *Apprendi* prior conviction exception. *See State v. Aleman*, 210 Ariz. 232, 109 P.3d 571 (Ct.App.2005)(prior DUI conviction could be considered in support of aggravated sentence); *Freeze v. State*, 827 N.E.2d 600 (Ind.Ct.App.2005)(under *Apprendi*, trial court could rely on prior juvenile adjudications and misdemeanor convictions as an aggravator); *State v. Kendall*, 274 Kan. 1003, 58 P.3d 660, 668 (2002)(use of two prior DUI convictions to change classification of instant DUI from misdemeanor to felony fell "squarely within the prior conviction exception of *Apprendi*"); *State v. Weldele*, 315 Mont. 452, 69 P.3d 1162 (2003) (enhanced sentence for DUI based solely on three prior misdemeanor DUIs did not violate *Apprendi*); *State v. Clarke*, 124 Wash. App. 893, 103 P.3d 262 (2004)(*review granted* July 12, 2005) (basing enhanced sentence on prior misdemeanor convictions did not violate *Blakely* or *Apprendi*).

Cases that have declined to allow sentence enhancement based on prior misdemeanor convictions have focused on the fact that the prior convictions were unrelated to the offense for which the defendant was being sentenced. *See Edwards v. State*, 822 N.E.2d 1106 (Ind.Ct.App.2005)(reliance on defendant's prior criminal history insufficient to satisfy *Apprendi* and *Blakely* where criminal history consisted of only one unrelated misdemeanor battery conviction); *Traylor v. State*, 817 N.E.2d 611 (Ind.Ct.App.2004) (single misdemeanor battery conviction five years before instant conviction for drug dealing and nuisance was insufficient to enhance sentence).

Here, the convictions on which the trial court relied in imposing an aggravated sentence were a 1994 conviction for driving while ability impaired, for which defendant was sentenced to 90 days in jail; an October 1999 conviction for driving while ability impaired; and a February 2000 conviction for driving under the influence, for which defendant was sentenced to 180 days in jail. These offenses all involved the same type of conduct as that underlying the offense for which defendant was being sentenced. In these circumstances, reliance on prior misdemeanor convictions to enhance defendant's sentence did not violate his rights under *Apprendi* and *Blakely*.

Further, contrary to defendant's contention, the fact that the offenses resulting in the last two convictions were committed after he committed the present offense did not preclude the trial court from relying on them. *See Lopez, supra*, 113 P.3d at 730 (sentencing court could properly rely on defendant's vehicular homicide conviction in imposing discretionary aggravated sentence, even though the vehicular homicide itself occurred after the possession offense, where convictions for the homicide were entered before the possession sentencing). The statutory subsections on which defendant relies, § 18–1.3–401(8)(a)(II)–(VI), C.R.S.2005, do not warrant a contrary conclusion. These provisions refer to mandatory aggravators that apply if they occurred "at the time of the commission of the felony" for which the defendant is being sentenced. There is no such limitation in regard to factors on which a sentencing court may rely in imposing a discretionary aggravated sentence under § 18–1.3–401(6).

Thus, the sentencing court did not violate defendant's constitutional rights by relying on defendant's misdemeanor convictions in support of an aggravated range sentence. We therefore affirm the order denying post-conviction relief, although we do so on grounds other than those relied on by the trial court. *See People v. Huynh*, 98 P.3d 907 (Colo.App.2004)(appellate court may affirm based on reasoning different from that of trial court).

The order is affirmed.

Judge GRAHAM and Judge ROMÁN concur.