The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Zack Alexander BANARK, Defendant–Appellant.

No. 05CA0843.

Colorado Court of Appeals, Div. VI.

Jan. 25, 2007.

Rehearing Denied Feb. 8, 2007.

John W. Suthers, Attorney General, Elizabeth Rohrbough, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Kallman S. Elinoff, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge J. JONES.

Defendant, Zack Alexander Banark, appeals his five-year aggravated range sentence for his conviction of attempted second degree kidnapping, which was imposed following revocation of his original sentence of probation. We affirm.

## I. Background

On April 10, 2003, defendant accosted three teenage girls walking down the street. He asked two of the girls to have sex with him for $100. He grabbed the third girl and attempted to pull her into his vehicle.

Defendant was arrested and charged with attempted second degree kidnapping, soliciting for prostitution, harassment, and disorderly conduct. On October 10, 2003, pursuant to a plea agreement, he pled guilty to attempted second degree kidnapping, a class five felony, and the remaining charges were dismissed. On February 3, 2004, the district court sentenced him to three years probation on the attempted second degree kidnapping conviction.

Nine months later, defendant was arrested and charged with violating several conditions of his probation. The People subsequently filed an amended complaint to revoke defendant's probation, charging three probation violations. The first violation stemmed from an incident in which defendant exposed himself to children near a schoolyard on October 29, 2004, for which he was charged in a separate case with indecent exposure, enticement of a child, and unlawful sexual contact. In addition, defendant told his probation officer that he had been regularly smoking marijuana, and the probation officer administered

a drug screening test, which came back positive for marijuana. Last, defendant did not successfully complete his sex offender treatment program.

On November 29, 2004, the district court held a revocation hearing, at which defendant admitted to all three "technical violations" of his probation conditions. On February 15, 2005, he pled guilty to indecent exposure, a class one misdemeanor, in the separate case.

At the resentencing hearing, on March 8, 2005, the court imposed an aggravated range sentence of five years imprisonment, and made the following findings:

> In 03CR1029, the defendant pled guilty to a class-five felony. As has been indicated, the presumptive sentence on that is one to three years.
>
> While on probation, the defendant violated the conditions of probation and admitted the violations, including that he smoked marijuana three times a month; that he had been unsuccessful on RSA [Redirection of Sexual Aggression]; that he had committed acts of indecent exposure, enticement of a child, and unlawful sexual contact while on probation.
>
> The Court finds that the admission of these particular factors allows this Court to consider those in making the determination as to the appropriate sentence. It will be the order and judgment of the Court today's date that the defendant shall be sentenced to a term of five years department of corrections, plus two years parole.

## II. Discussion

Defendant argues that the district court violated his constitutional rights to due process and trial by jury, as articulated in the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), by imposing a sentence in the aggravated range based on his admissions to violating conditions of his probation. We agree that the court erroneously relied on defendant's admissions to the violations of conditions of probation in aggravating his sentence, but we conclude that any such error was harmless beyond a reasonable doubt.

We review a constitutional challenge to a sentence de novo. *Lopez v. People*, 113 P.3d 713, 720 (Colo.2005); *People v. Elie*, 148 P.3d 359, 365 (Colo.App.2006).

Where a defendant fails to preserve the *Blakely* challenge at sentencing, we review such a challenge on appeal for plain error. *Elie, supra*, 148 P.3d at 365; *cf. Washington v. Recuenco*, — U.S. —, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006) *(Blakely* error is not structural error, and is therefore subject to plain error analysis if not preserved). Plain error is error that is both "obvious and substantial." *People v. Miller*, 113 P.3d 743, 750 (Colo.2005); *People v. Boykins*, 140 P.3d 87, 95 (Colo.App.2005). Further, we will not vacate a sentence for plain error unless the error so undermined the fundamental fairness of the sentencing proceeding as to cast serious doubt on the reliability of the sentence. *See Miller, supra*, 113 P.3d at 750 (articulating plain error test in the context of errors at trial); *Elie, supra*, 148 P.3d at 363 (applying plain error test in *Blakely* context).

Where a defendant preserves the *Blakely* challenge at sentencing, we first determine whether there was any *Blakely* error. If so, because such an error is of constitutional dimension, we must vacate the sentence unless the error was harmless beyond a reasonable doubt. *See Miller, supra*, 113 P.3d at 749; *Boykins, supra*, 140 P.3d at 96. If there is a reasonable probability that the defendant could have been prejudiced by the error, the error cannot be harmless. *Raile v. People*, 148 P.3d 126, 134 (Colo. 2006); *People v. Harris*, 43 P.3d 221, 230 (Colo.2002); *People v. Couillard*, 131 P.3d 1146, 1153 (Colo.App.2005).

Here, there is substantial doubt that defendant preserved his *Blakely* challenge. Although sentencing occurred almost nine months after *Blakely* was decided, defendant's counsel did not mention *Blakely, Apprendi*, or, more generally, defendant's right to have a jury decide the facts upon which the court relied in aggravating defendant's sentence. Although defendant's counsel informed the court that defendant and the

People contemplated a three-year sentence, he did not do so in a way that could be construed as objecting to an aggravated range sentence on *Blakely* grounds. Nonetheless, because we conclude that defendant's *Blakely* challenge fails even under the harmless beyond a reasonable doubt test, we will assume, without deciding, that defendant preserved the issue for appeal.

Attempted second degree kidnapping is a class five felony, which carries a presumptive range sentence of one to three years. Section 18–1.3–401(1)(a)(V)(A), C.R.S.2006. However, if the court finds extraordinary and aggravating circumstances, it may, in its discretion, impose a sentence of up to twice the statutory maximum. Section 18–1.3–401(1)(a)(V)(A), (6), C.R.S.2006; *see also Lopez, supra,* 113 P.3d at 725, 731.

The Supreme Court has held that " '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt.' " *Blakely, supra,* 542 U.S. at 301, 124 S.Ct. at 2536 (quoting *Apprendi, supra,* 530 U.S. at 490, 120 S.Ct. at 2362–63). The "statutory maximum" in this context refers to "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely, supra,* 542 U.S. at 303, 124 S.Ct. at 2537 (emphasis omitted); *see Lopez, supra,* 113 P.3d at 722.

■ An aggravated range sentence is permissible under *Blakely* if it is supported by at least one of the following types of facts: "(1) facts found by a jury beyond a reasonable doubt; (2) facts admitted by the defendant; (3) facts found by a judge after the defendant stipulates to judicial factfinding for sentencing purposes; and (4) facts regarding prior convictions." *Lopez, supra,* 113 P.3d at 719, 723. Facts of the first, second, and third types are considered *"Blakely*-compliant," whereas facts relating to prior convictions are considered *"Blakely*-exempt." *Lopez, supra,* 113 P.3d at 723. As long as the court relies in part on at least one of these four types of facts, the aggravated range sentence does not run afoul of *Blakely. Lopez, supra,* 113 P.3d at 731; *DeHerrera v. People,* 122 P.3d 992, 993–94 (Colo.2005);

*People v. Mazzoni,* —— P.3d ——, ——, 2006 WL 2691706 (Colo.App. No. 04CA0581, Sept. 21, 2006).

Here, the court relied on defendant's admissions at the probation revocation hearing to aggravate his sentence on his attempted second degree kidnapping conviction. After the resentencing, our supreme court held, however, that a court may not use a defendant's admissions to impose an aggravated range sentence "unless the defendant knowingly, voluntarily, and intelligently waives his Sixth Amendment right to have a jury find the facts that support the aggravated sentence." *People v. Isaacks,* 133 P.3d 1190, 1192 (Colo.2006); *see also Isaacks, supra,* 133 P.3d at 1194–95.

While we do not have the benefit of the transcript of the revocation hearing, it is illogical to presume that defendant was informed of and waived his right to a jury on the aggravating facts at the revocation hearing because he was not entitled to a jury in the revocation proceeding. Section 16–11–206(1), C.R.S.2006; *see Byrd v. People,* 58 P.3d 50, 56 (Colo.2002). Accordingly, there would have been no basis or reason for the court to have informed defendant of such a right.

■ Thus, we conclude it was error for the court to have used defendant's admissions at the revocation hearing to aggravate his sentence. *See Isaacks, supra,* 133 P.3d at 1194–95; *Mazzoni, supra,* —— P.3d at ——; *People v. Watts,* —— P.3d ——, ——, 2006 WL 2291166 (Colo.App. No. 04CA0731, Aug. 10, 2006). Under the particular circumstances of this case, however, we conclude that the district court's error does not require us to vacate defendant's sentence.

As defendant concedes on appeal, when he was resentenced, he had already been convicted of the offense of indecent exposure, which encompassed conduct to which he admitted at the revocation hearing. There is no reason to believe that the court, if informed of that conviction, would not have imposed the five-year aggravated range sentence. After all, a conviction on the charged conduct to which defendant admitted at the revocation hearing rendered such conduct an even more reliable basis for aggravating the sentence. Had the court relied on the con-

viction, we would affirm the sentence because (1) a prior conviction is *Blakely*-exempt, *see Lopez, supra,* 113 P.3d at 723; (2) an aggravated range sentence does not violate a defendant's Sixth Amendment rights if it is based on one *Blakely*-compliant or *Blakely*-exempt fact, *see Mazzoni, supra,* —— P.3d at ——; *People v. Blessett,* 155 P.3d 388, 398, 2006 WL 1028888 (Colo.App. No. 04CA0434, Apr. 20, 2006); and (3) an aggravated range sentence based on one *Blakely*-compliant or *Blakely*-exempt fact will stand even if the court relied on other facts that are not *Blakely*-compliant or *Blakely*-exempt, *see Mazzoni, supra,* —— P.3d at ——.

Thus, we perceive no reasonable possibility, much less a reasonable probability, that defendant was actually prejudiced by the district court's error.

■ The fact defendant's conviction for indecent exposure occurred while he was on probation after his initial sentencing is irrelevant. A "conviction," for purposes of the prior conviction exception to *Blakely,* occurs when a defendant enters a proper guilty plea. *See People v. French,* —— P.3d ——, ——, 2007 WL 416678 (Colo.App. No. 03CA2477, Jan. 25, 2007). So long as the conviction occurs prior to the court's imposition of the aggravated sentence on the underlying offense, it is a "prior conviction" for *Blakely* purposes, and may be relied on to aggravate the sentence. *See Lopez, supra,* 113 P.3d at 730; *see also People v. Martinez,* 128 P.3d 291, 294 (Colo.App.2005).

In *Lopez, supra,* the defendant pled guilty to possession of a controlled substance and received a deferred judgment and sentence. *Lopez, supra,* 113 P.3d at 715–17. Thereafter, the defendant committed additional crimes, for which he was subsequently convicted. *Lopez, supra,* 113 P.3d at 715–16, 717–18. The defendant's deferred sentence for possession was then revoked, and the court imposed an aggravated range sentence on the possession charge, based in part on the defendant's convictions while on deferment. *Lopez, supra,* 113 P.3d at 715–16, 719, 730. The supreme court held that the defendant's aggravated sentence was properly based on his prior convictions. Although those convictions stemmed from offenses the defendant committed after he committed the offense underlying the aggravated sentence

and after he had received and had begun serving his deferred sentence, they were prior convictions because they were entered before sentencing on the possession offense. *Lopez, supra,* 113 P.3d at 730.

Similarly here, the district court relied on facts regarding defendant's commission of an additional crime—indecent exposure—to which he entered a proper guilty plea prior to his resentencing on the attempted second degree kidnapping offense. Although defendant committed the additional crime while he was on probation, as opposed to deferment as in *Lopez,* we see no basis, as far as *Blakely* is concerned, for treating those situations differently. *Cf. People v. Rivera–Bottzeck,* 119 P.3d 546, 549 (Colo.App.2004) ("A deferred judgment is akin to a sentence of probation, and proceedings to revoke a deferred judgment are conducted according to procedures used to revoke probation."); *People v. Manzanares,* 85 P.3d 604, 607 (Colo.App.2003) (same; also noting that "a person with a deferred judgment is supervised by the probation department and must comply with conditions similar to probation conditions").

Contrary to defendant's suggestion, the fact his prior conviction for indecent exposure was for a misdemeanor does not preclude it from being used to aggravate his sentence. *See People v. Huber,* 139 P.3d 628, 631–33 (Colo.2006) (prior misdemeanor conviction for indecent exposure could be used to aggravate sentence consistent with *Blakely*); *People v. King,* 151 P.3d 594, 598–99 (Colo.App. 2006); *Martinez, supra,* 128 P.3d at 293–94.

In sum, we conclude that the district court erred in relying on defendant's admissions at the revocation proceeding, but that such error was harmless beyond a reasonable doubt.

### III.  Conclusion

For the foregoing reasons, defendant's aggravated range sentence of five years in the Department of Corrections is affirmed.

Judge WEBB and Judge CARPARELLI concur.