**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Emanuel VILLANUEVA, Defendant–Appellant.**

**No. 05CA2542.**

Colorado Court of Appeals, Div. IV.

Sept. 20, 2007.

John W. Suthers, Attorney General, Jonathan Patrick Fero, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Pamela A. Dayton, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge HAWTHORNE.

Defendant, Emanuel Villanueva, appeals the sentence imposed following the revocation of his probation. We affirm.

In February 2002, defendant pleaded guilty to an added charge of attempted sexual assault on a child in exchange for the dismissal of the original charges against him. The trial court sentenced him to two years probation.

Defendant's probation was extended twice to allow him to complete the required sex offender treatment. Shortly after probation was extended the second time, defendant's probation officer filed a complaint, alleging that defendant had violated the terms of his probation by contacting the victim and threatening to kill her.

At the probation revocation hearing, defendant admitted the violation, and the trial court revoked his probation. The court found that defendant's admission that he contacted and threatened the victim was an "aggravated fact" and imposed an aggravated five-year sentence in the Department of Corrections. Defense counsel objected to the

sentence, arguing that defendant's admission to violating probation was not an admission to an aggravating factor.

■ Defendant contends that the trial court violated his Sixth and Fourteenth Amendment rights to trial by jury, as explained in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), when it imposed an aggravated range sentence based on his admission during the probation revocation hearing that he contacted and threatened the victim. We disagree.

■ We review a constitutional challenge to a sentence de novo. *Lopez v. People*, 113 P.3d 713, 720 (Colo.2005). When a defendant has preserved a challenge based on *Blakely* at sentencing, we determine first whether there was a *Blakely* error. If so, because such an error is of constitutional dimension, the sentence must be vacated unless the error is harmless beyond a reasonable doubt. *See People v. Banark*, 155 P.3d 609, 611 (Colo.App.2007).

Here, as in *Banark*, it is questionable whether defendant preserved his *Blakely* challenge. Sentencing occurred more than eighteen months after *Blakely* was decided, yet defendant's counsel's only objection was that "an admission was no admission to any aggravated factors," and "it was only an admission to the petition filed for revocation of probation." Nonetheless, because we conclude there was no *Blakely* error, we will assume, without deciding, that this issue is preserved for appeal.

■ Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

■ The statutory maximum for *Apprendi* purposes is the maximum sentence the trial court may impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303, 124 S.Ct. 2531 (emphasis omitted).

■ As relevant here, the trial court may rely upon facts the defendant admits to impose a constitutionally valid sentence because they are considered "*Blakely*-compliant." *Lopez*, 113 P.3d at 723.

■ "[A]bsent a stipulation to the relevant facts or consent to judicial fact-finding, '*Blakely* does not permit a sentencing court to use a defendant's factual admissions to increase his sentence unless the defendant first effectuates a knowing, voluntary, and intelligent waiver of his *Blakely* rights.'" *People v. Watts*, 165 P.3d 707, 710 (Colo.App.2006)(quoting *People v. Isaacks*, 133 P.3d 1190, 1195 (Colo.2006)). For the court to consider the admitted facts, it is not necessary that the defendant admit they are extraordinary aggravating circumstances because "this determination is a conclusion of law that remains within the discretion of the trial court if it is based on *Blakely*-compliant or *Blakely*-exempt facts." *Lopez*, 113 P.3d at 726 n. 11.

The presumptive sentencing range for a class five felony is one to three years. *See* § 18–1.3–401(1)(a)(V)(A), C.R.S.2006.

Here, at the providency hearing, defendant made a knowing, voluntary, and intelligent waiver of his right to a jury trial with the understanding that his plea of guilty would subject him to a potential penalty of up to six years incarceration "if the Court found ... extraordinarily aggravating circumstances." Subsequently, at the probation revocation hearing, after being advised of his right to have the probation violation proved at a hearing by a preponderance of the evidence, defendant stipulated that he violated his probation in the manner alleged in the complaint.

Relying on these advisements and defendant's responses, the trial court then found that defendant understood his right to a hearing and "knowingly and voluntarily admitted to violation of probation," and that the facts admitted by defendant "constitute[d] an aggravated fact." *See Lopez*, 113 P.3d at 726 n. 11. Because defendant's stipulation to the relevant facts rendered them *Blakely*-compliant, the court could properly use them to increase his sentence even if he did not first effectuate a waiver of his *Blakely* rights. *See Watts*, 165 P.3d at 710.

Moreover, the numerous distinctions between a probation revocation hearing and a criminal trial compel the conclusion that a probation revocation hearing does not afford the same level of protection of a defendant's rights as that required by the United States and Colorado Constitutions for a criminal trial. *Byrd v. People,* 58 P.3d 50, 57 (Colo. 2002). As applicable here, defendant did not have a right to a jury trial at his probation revocation hearing. § 16–11–206(1), C.R.S. 2006. There, the court was the fact finder. *See Byrd,* 58 P.3d at 55 (court determines whether probation violation has occurred). As noted, defendant was advised that he had a right to a hearing at which the fact finder—that is, the court—would determine whether he violated his probation by threatening the victim, but he waived that right and admitted that he had violated probation "in the manner alleged in the complaint."

We conclude that under *Blakely,* the court was not required to give defendant an advisement that he had the right to have a jury decide whether he contacted and threatened the victim in violation of his conditions of probation. Defendant had no such right. To the extent this conclusion conflicts with the holding in *Banark* that it was error to "use[ ][the] defendant's admissions at the revocation hearing to aggravate his sentence," 155 P.3d at 612, we decline to follow the reasoning of the division in that case.

Therefore, the trial court did not err in using defendant's admission to impose an aggravated sentence.

The sentence is affirmed.

Judge VOGT and Judge GRAHAM concur.