23CA0389 Peo v Chavira 07-25-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA0389 Pueblo County District Court No. 22CR566 Honorable Allison P. Ernst, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Joshua Lee Chavira, Defendant-Appellant. SENTENCE REVERSED AND CASE REMANDED WITH DIRECTIONS Division I Opinion by JUDGE SCHOCK J. Jones and Welling, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 25, 2024 Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, Julieanne Farchione, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant 
1 ¶ 1 Defendant, Joshua Lee Chavira, appeals his aggravated seven-
year sentence for vehicular homicide. Because we conclude that Chavira’s sentence violates his Sixth Amendment right to a jury trial, as applied in Blakely v. Washington, 542 U.S. 296 (2004), we reverse and remand the case to the district court for resentencing. I. Background ¶ 2 Chavira pleaded guilty to one count of vehicular homicide after he hit another vehicle from behind, killing the other driver. In exchange for Chavira’s guilty plea, the People dismissed four other counts. The plea agreement explained that the presumptive sentencing range for the offense of conviction was two to six years in prison but that “[i]f the Court finds the presence of one or more extraordinary aggravating circumstances, the maximum term of imprisonment could be twelve years.” The only sentencing stipulation was that Chavira could not receive probation. ¶ 3 The probation department prepared an assessment summary report (ASR) in advance of sentencing. The ASR identified several prior driving-related misdemeanor convictions: • June 18, 2021: driving after revocation prohibited (habitual traffic offender); 
2 • December 20, 2017: driving after revocation prohibited (habitual traffic offender); • October 28, 2015: driving under restraint, alcohol-
related; • August 22, 2015: driving under restraint, alcohol-related; • February 2, 2011: driving under restraint, alcohol-
related; and • August 23, 2005: driving while ability impaired (DWAI) (and possession of drug paraphernalia). ¶ 4 The ASR also identified three non-driving-related prior convictions: attempted second degree assault on a peace officer in October 2018 (class 5 felony); attempted theft of $750-$2,000 in January 2018 (class 2 misdemeanor); and distribution of marijuana concentrate in February 2017 (level 1 drug misdemeanor). ¶ 5 At sentencing, the prosecutor requested that the district court find extraordinary aggravating circumstances and impose the maximum aggravated sentence of twelve years in prison. See § 18-
1.3-401(6), (7), C.R.S. 2023. He based this request on three factors: the “extraordinary, aggravating circumstances” of the case, Chavira’s criminal history, and Chavira’s statements in the ASR. 
3 ¶ 6 First, the prosecutor argued that the facts of the case justified an aggravated sentence because Chavira dragged the other vehicle hundreds of feet after hitting it, did not stop and render aid, fled the scene, told officers he was carjacked, and avoided police contact until he was arrested a month later. Second, he argued Mr. Chavira’s criminal history justifies an aggravated sentence. Mr. Chavira has not had a valid driver’s license since 2005. Since 2005, he has picked up two convictions, three [driving under restraint] convictions, and then this case. The prosecutor also mentioned Chavira’s felony conviction for attempted assault on a peace officer and noted that the current offense occurred within six months of his discharge from parole in that case. Third, the prosecutor cited Chavira’s frequent contradictions and minimization of his actions in the ASR. ¶ 7 Chavira’s counsel opposed the aggravated sentence and argued for a sentence in the presumptive range of two to six years. She acknowledged that “the Court can discretionarily aggravate,” but she asserted that the parties had negotiated the plea based on the presumptive range. She further argued that the court could not rely on the facts of the offense to aggravate Chavira’s sentence and 
4 noted that, although Chavira had prior driving violations, none resulted in injury to another person. She thus argued that Chavira was not “eligible for an aggravated sentence under the law.” ¶ 8 The district court sentenced Chavira to an aggravated sentence of seven years in prison. The court explained: [I]n terms of the aggravators, the Court can sentence in the discretionary aggravators. I think the aggravators are — the aggravation argument by the District Attorney, I think, is well taken. I — my concern is that you haven’t had a driver’s license since 2005, and didn’t bother to get one. And your mother lent you her car, and you — this is sort of what happened, ends up happening. Honestly, my concern was with this idea that this would have happened regardless, and I just — I can’t really get around that. And maybe it would have happened, but had you not been speeding, perhaps, [the victim] would still be with us today. The Court is going to find the Defendant’s statements, the fact that it was just an accident, the — he fled the scene, and just for the record, this is not because he had set this matter for trial. He has every right to set this for trial. Because he fled the scene that was a Class 3 felony, leaving the scene of that accident involving death. The Court will aggravate the sentence to seven years . . . . 
5 II. Blakely Challenge ¶ 9 Chavira contends that the district court violated his right to a jury trial by imposing an aggravated sentence based on facts not found by a jury or otherwise permitted under Blakely. We agree. A. Preservation ¶ 10 The parties disagree as to whether Chavira preserved his Blakely challenge. Chavira asserts that his attorney preserved the issue by arguing that (1) the court could not aggravate the sentence based on the facts of the crime itself, and (2) the available sentencing range was the presumptive range of two to six years. ¶ 11 But as the People point out, Chavira’s counsel did not ground either of these objections in the constitutional right to a jury trial. See Martinez v. People, 244 P.3d 135, 140 (Colo. 2010) (holding that objection must be “sufficiently specific to call the attention of the trial court” to the potential constitutional error); People v. Banark, 155 P.3d 609, 611 (Colo. App. 2007) (expressing doubt that the defendant preserved a Blakely challenge where counsel “did not mention Blakely, Apprendi [v. New Jersey, 530 U.S. 466 (2000)], or, more generally, defendant’s right to have a jury decide the facts upon which the court relied in aggravating defendant’s sentence”). 
6 ¶ 12 Nor did Chavira’s counsel argue that the court could not find the aggravating circumstances. To the contrary, she explicitly agreed that the court could “discretionarily aggravate.” She just argued that it shouldn’t. Thus, Chavira did not preserve his Blakely challenge. See People v. Sandoval, 2016 COA 19, ¶ 11 (Sandoval I) (rejecting argument that “[mere] mention of aggravation implies that defense counsel was raising a Blakely issue about the length of the sentence”), aff’d, 2018 CO 21 (Sandoval II).
1 ¶ 13 We review unpreserved Blakely arguments for plain error. Sandoval II, ¶ 11; see Banark, 155 P.3d at 611. Chavira argues otherwise. He asserts that a Blakely challenge is a Crim. P. 35(a) illegal manner claim that need not be preserved. See Fransua v. People, 2019 CO 96, ¶ 13. But a Blakely claim is cognizable under Crim. P. 35(c), not Crim. P. 35(a). People v. Collier, 151 P.3d 668, 671 (Colo. App. 2006); see also People v. Wenzinger, 155 P.3d 415, 418-19 (Colo. App. 2006) (holding that a Blakely claim is not cognizable as an “illegal sentence” claim); Crim. P. 35(c)(2)(I) 1 The People do not argue that Chavira waived this argument. 
7 (providing for relief where sentence was imposed “in violation of the Constitution or laws of the United States”). ¶ 14 We therefore review Chavira’s Blakely argument for plain error. Plain error is error that is “obvious and substantial” and that “undermined the fundamental fairness of the [proceeding] so as to cast serious doubt on the reliability of the judgment.” Sandoval II, ¶ 11 (citations omitted). We review de novo whether the sentence violated Blakely. Lopez v. People, 113 P.3d 713, 720 (Colo. 2005). B. Legal Standard ¶ 15 Other than the fact of a prior conviction, any fact that increases the maximum sentence for a crime must be submitted to a jury and proved beyond a reasonable doubt (or admitted by the defendant). Blakely, 542 U.S. at 301; Erlinger v. United States, 602 U.S. ___, ___, 144 S. Ct. 1840, 1851, 1853 (2024). This means that an aggravated sentence must be based on one of four kinds of facts: (1) facts found by a jury beyond a reasonable doubt; (2) facts admitted by the defendant; (3) facts found by a judge after the defendant stipulates to judicial factfinding for sentencing purposes; or (4) the fact of a prior conviction. Mountjoy v. People, 2018 CO 92M, ¶ 15. The “prior conviction” exception allows the sentencing 
8 judge to “do no more . . . than determine what crime, with what elements, the defendant was convicted of.” Erlinger, 602 U.S. at ___, 144 S. Ct. at 1854 (citation omitted). ¶ 16 To impose an aggravated sentence, a district court must make “specific findings on the record . . . detailing the specific extraordinary circumstances” that warrant a sentence above the presumptive range. § 18-1.3-401(7). In doing so, the court must rely on “facts outside of the elements of the crime itself.” Mountjoy, ¶ 13. At least one of those facts must comply with Blakely or fall within the “prior conviction” exception. Id. at ¶¶ 15, 29.
2 C. Analysis ¶ 17 The district court’s explanation of its aggravated sentence identifies four potential aggravating circumstances: (1) Chavira had not had a driver’s license since 2005 and did not bother to get one; 2 Chavira contends that Mountjoy v. People, 2018 CO 92M, was wrongly decided, and he urges us to “decline to follow” it, insofar as it held that a judge may find that specific facts constitute the “extraordinary aggravating circumstances” necessary to impose an aggravated sentence. Id. at ¶¶ 17-19. But in so arguing, Chavira relies on the same United States Supreme Court case law that Mountjoy considered in rejecting the same argument. See id. at ¶ 19 (concluding that defendant’s reliance on United States v. Gaudin, 515 U.S. 506 (1995), “is misplaced”). We are bound by Mountjoy. See People v. Melendez, 2024 COA 21M, ¶ 19. 
9 (2) Chavira’s mother lent him the car; (3) Chavira indicated in his ASR interview that “this would have happened regardless”; and (4) Chavira fled the scene of the accident. The People do not dispute that the last three of these facts do not satisfy Blakely. See People v. McAfee, 160 P.3d 277, 282 (Colo. App. 2007) (holding that admissions in presentence report or elsewhere in the record do not qualify as an “admitted fact” absent a knowing, voluntary, and intelligent waiver of the defendant’s Blakely rights). But they argue that the court’s reliance on Chavira’s lack of a driver’s license was permissible under the “prior conviction” exception. We disagree. ¶ 18 Initially, the People are correct that the district court could have relied on Chavira’s prior convictions to aggravate his sentence. See People v. Kirby, 2024 COA 20, ¶ 59. But we disagree that the court did so. In imposing the aggravated sentence, the district court did not once mention Chavira’s prior convictions or criminal history. Sandoval II, ¶ 14 (concluding district court erred under Blakely where it “never mentioned prior convictions as a basis for its sentence”). Although the prosecution in its argument had cited both Chavira’s criminal history and his lack of a valid driver’s license since 2005, the district court only mentioned the latter. 
10 ¶ 19 The People nevertheless argue that the district court must have relied on Chavira’s prior convictions because it found the prosecution’s argument — which had identified Chavira’s criminal history as an aggravated circumstance — “well taken.” They further assert that the court’s mention of Chavira’s lack of a valid driver’s license for years was “clearly referencing” the prior convictions. ¶ 20 But a district court must make “specific findings” as to the extraordinary circumstances on which it relies. § 18-1.3-401(7). And right after saying the prosecution’s argument was “well taken,” the court did just that, omitting any reference to prior convictions. We cannot infer that the court relied on Chavira’s prior convictions simply because the prosecution argued them — particularly when the court said what it was relying on. See People v. Elie, 148 P.3d 359, 366 (Colo. App. 2006) (declining to “infer that, because the trial court noted defendant’s prior convictions, it necessarily considered them to be an extraordinary aggravating circumstance”). ¶ 21 Nor is Chavira’s lack of a driver’s license since 2005 an element of his prior convictions. See Erlinger, 602 U.S. at ___, 144 S. Ct. at 1854 (noting that the “prior conviction” exception includes the elements of that conviction); Mountjoy, ¶ 16 (“One type of 
11 Blakely-compliant fact includes facts that constitute an element of a crime of conviction . . . .”). Chavira’s prior convictions for driving under restraint and driving after revocation establish that he did not have a valid license at the time of those offenses — in February 2011, August 2015, October 2015, December 2017, and June 2021. See § 42-2-206(1)(a)(I), C.R.S. 2023; § 42-2-138(1)(d)(I), C.R.S. 2023. The district court therefore could have permissibly relied on Chavira’s lack of a valid license at those snapshots in time. See Erlinger, 602 U.S. at ___, 144 S. Ct. at 1854. But nothing in the elements of Chavira’s prior convictions conclusively established, as the district court found, that he had not had a driver’s license for the entire period since 2005. ¶ 22 We recognize that this is a formalistic way of looking at Chavira’s serial prior convictions. It would be reasonable to infer that, at least since his first driving under restraint conviction in 2011, and likely since his DWAI conviction in 2005, Chavira has not had a valid license. But the constitutional right to a jury trial does not give way when the inquiry is straightforward. Id. at ___, 144 S. Ct. at 1856. A defendant has a right to have a jury “resolve unanimously even seemingly straightforward factual questions 
12 under a daunting reasonable doubt standard.” Id. at ___, 144 S. Ct. at 1860. To determine that Chavira had not had a driver’s license since 2005, “the district court had to do more than identify his previous convictions and the legal elements required to sustain them.” Id. at ___, 144 S. Ct. at 1854. It had to fill in the gaps between those convictions. Clear-cut or not, the status of Chavira’s license during those gaps has not “passed through the safeguards of [a jury trial] or plea proceedings.” Lopez, 113 P.3d at 730. ¶ 23 We note that, in Lopez, the Colorado Supreme Court used the somewhat more expansive phrase “facts regarding prior convictions” to refer to Blakely’s prior conviction exception. Id. at 716. And a handful of Colorado cases have followed suit, relying on that more expansive phrase to extend the exception to facts that are “inextricably linked” to a prior conviction, such as a defendant’s parole or probationary status. People v. Montoya, 141 P.3d 916, 922-23 (Colo. App. 2006); see also People v. Huber, 139 P.3d 628, 633 (Colo. 2006); People v. Hines, 2021 COA 45, ¶¶ 63-65. ¶ 24 To the extent Lopez’s articulation of the prior conviction exception allows a sentencing court to consider facts beyond “what crime, with what elements, the defendant was convicted of,” we 
13 question whether it survives the United States Supreme Court’s more recent delineation of the limits of the exception. Erlinger, 602 U.S. at ___, 144 S. Ct. at 1854 (citation omitted); see also Mountjoy, ¶ 15 n.2 (noting disparity between language in Lopez and language in Blakely and “adopt[ing] the language of Blakely” without “express[ing] any opinion regarding the language used in Lopez”). ¶ 25 But in any event, this case does not concern “a defendant’s custodial status” after a prior conviction. Hines, ¶ 64. Nor does the ASR indicate that Chavira’s lack of a valid driver’s license — for any period, much less the entire period from 2005 to 2022 — was a “necessary component” of his prior convictions. Id. at ¶¶ 64-66 (citation omitted). Indeed, the ASR’s summary of Chavira’s prior convictions does not say anything about the loss of his license. Although it may be possible to reach that conclusion by piecing 
14 together the relevant statutes,
3 such an exercise — which, notably, the district court did not undertake — would be “too far removed from the conclusive significance of a prior judicial record” to fall within the prior conviction exception. Montoya, 141 P.3d at 923 (citation omitted). ¶ 26 Thus, we conclude that the district court erred by imposing an aggravated sentence based on facts that were neither Blakely-
exempt nor Blakely-compliant. That error was obvious. See Sandoval II, ¶¶ 12-13. Both the Blakely rule and the “narrow exception” for “the fact of a prior conviction” are well settled. Mountjoy, ¶ 11; Sandoval II, ¶ 12. And no Colorado case would suggest that the district court’s reference to Chavira’s lack of a license since 2005 (or the other facts on which the court relied) fell 3 The People cite section 42-2-138(1)(e) and (3), C.R.S. 2023, which provides that a person who is convicted of a driving offense while their license is under restraint loses their license for one year, and a person who is convicted of a second or subsequent offense for driving under an alcohol-related restraint loses their license for four years. They do not explain how this statute (or any other) establishes that Chavira lacked a license from 2005 to 2022 — particularly the six years after Chavira’s 2005 DWAI conviction and the four years after his first driving under restraint conviction. 
15 within that narrow exception. See Sandoval II, ¶ 13 (noting the lack of any Colorado decisions suggesting that Blakely might not apply). ¶ 27 The error was also substantial. See id. at ¶ 14. The presumptive maximum sentence for Chavira’s offense — the maximum sentence the court could impose based on the guilty plea alone — was six years. He was sentenced to seven. See United States v. Anderson, 201 F.3d 1145, 1152 (9th Cir. 2000) (“An error that results in a longer sentence undoubtedly affects substantial rights.”); cf. Glover v. United States, 531 U.S. 198, 203 (2001) (“[A]ny amount of actual jail time has Sixth Amendment significance.”). That the district court could have, and might have, reached the same sentencing decision based on Chavira’s prior convictions does not change the substantial nature of the error. Sandoval II, ¶ 14. ¶ 28 We therefore conclude that the district court plainly erred by imposing an aggravated sentence. III. Resentencing on Remand ¶ 29 Having concluded that Chavira’s sentence cannot stand, we must determine the appropriate remedy on remand. Chavira contends that he must be resentenced within the presumptive range of two to six years. The People contend that, on remand, the 
16 district court can still impose an aggravated sentence so long as it relies on Chavira’s prior convictions. We agree with the People. ¶ 30 Generally, “[t]he proper procedure for an appellate court to follow upon finding Blakely error is to remand the case to the trial court for resentencing within the presumptive range.” People v. Isaacks, 133 P.3d 1190, 1196 (Colo. 2006). But where a defendant has prior convictions, nothing precludes a district court from “discretionarily aggravating [a] defendant’s sentence on remand . . . based upon [the defendant’s] prior convictions.” Elie, 148 P.3d at 367; see also Villanueva v. People, 199 P.3d 1228, 1238 (Colo. 2008) (holding that trial court was “not prevented from imposing a sentence in the aggravated range” based on subsequent conviction). ¶ 31 Thus, on remand, the district court may, in its discretion, impose an aggravated sentence under section 18-1.3-401(7), provided that it does so based on the fact of Chavira’s prior convictions. See Elie, 148 P.3d at 367; Mountjoy, ¶ 15. It may not, however, impose a sentence in excess of the one originally imposed based on prior convictions that were known to the court at the time of the original sentence. See § 18-1-409(3), C.R.S. 2023. 
17 IV. Disposition ¶ 32 The sentence is reversed, and the case is remanded for resentencing consistent with this opinion. JUDGE J. JONES and JUDGE WELLING concur.