The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
July 17, 2025

**2025COA67**

**No. 24CA0164, *People v. Valles* — Criminal Procedure — Presence of Defendant — Interactive Audiovisual or Audio Device — Advisements — Right to Appear in Person**

Colorado Rule of Criminal Procedure 43(e) permits the trial court to conduct certain nonjury proceedings via an interactive audiovisual device or interactive audio device.  As a matter of first impression, a division of the court of appeals holds that, before proceeding with a virtual hearing, the court must advise the criminal defendant of certain rights as outlined in Crim. P. 43(e)(4).  These include, among others, that the defendant has the right to appear in person.  Crim. P. 43(e)(4)(I).

COLORADO COURT OF APPEALS                                   **2025COA67**

Court of Appeals No. 24CA0164
Boulder County District Court No. 21CR1439
Honorable Patrick Butler, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Levi Valles,

Defendant-Appellant.

SENTENCE AFFIRMED

Division VI
Opinion by JUDGE SULLIVAN
Tow and Yun, JJ., concur

Announced July 17, 2025

Philip J. Weiser, Attorney General, Brittany Limes Zehner, Senior Assistant
Attorney General and Assistant Solicitor General, Denver, Colorado, for
Plaintiff-Appellee

Phoebe W. Dee, Alternative Defense Counsel, Basalt, Colorado, for Defendant-
Appellant

¶ 1     Colorado Rule of Criminal Procedure 43(e) permits a trial court to conduct certain nonjury proceedings virtually — for example, by video or telephonic conference.  But before proceeding with a virtual hearing, the court must advise the defendant of certain rights.  These include, among others, that the defendant has the right to appear in person.  Crim. P. 43(e)(4)(I).

¶ 2     Defendant, Levi Valles, argues for the first time on appeal that the district court violated this rule and infringed upon his constitutional right to be present when it conducted his sentencing hearing using an interactive audiovisual device without first providing him with the required advisements.  We agree with Valles that the district court erred under Crim. P. 43(e)(4), but under the plain error standard of reversal we perceive no basis to reverse.  We also disagree with Valles's contention that the court violated his constitutional right to be present.  So we affirm the sentence.

## I.     Background

¶ 3     In 2021, the People charged Valles with multiple offenses following an altercation in which Valles threatened the victim with a knife and stole his bicycle and tool bag.  Before trial, defense counsel raised concerns regarding Valles's competency.  But after

1

reviewing a state psychologist's competency evaluation, the court found Valles competent and the case proceeded to trial. The jury found Valles guilty of menacing, violation of a protection order, and theft, but it acquitted him of aggravated robbery and assault.

¶ 4    Before the court could impose sentence, Valles experienced a serious medical event that required his admission to a long-term care facility. For a period of time, Valles couldn't perform most basic tasks without assistance, including walking, eating, bathing, and using the bathroom. The court postponed sentencing several times because Valles couldn't attend the hearing in person.

¶ 5    During a December 2023 scheduling hearing, the court asked defense counsel if Valles could appear for sentencing from his medical facility via Webex.[1] Defense counsel said "[h]e could" and that "we can figure out a way to make it happen." Defense counsel also relayed that Valles had recently regained his mental acuity and

---

[1] Webex is a "video conferencing platform that allows spectators to see and hear what is happening in a physical courtroom virtually via a computer or phone." *Rios v. People*, 2025 CO 46, ¶ 22. The platform can also be configured "with two-way video and audio to allow virtual courtroom participation." *Id.*

cognition, enabling him to execute waivers to release his medical records to defense counsel.

¶ 6      Five days later, Valles and defense counsel appeared for sentencing via Webex from Valles's medical facility.  The prosecutor and defense counsel informed the court that the parties had reached an agreement regarding a stipulated sentence of credit for time served (totaling 813 days) with no restitution or probation.

¶ 7      The court addressed Valles directly, advising him of his right to make a statement and asking him if he wished to say anything before the court imposed sentence.  Valles responded, "No, sir.  Just wish it could have been a different situation.  I — I didn't mean to — to do the action that was stipulated, and I'm unable to — to get out of bed.  I'm bedridden, and it could have been different."  The court then imposed a sentence consistent with the parties' stipulation.  Neither Valles nor defense counsel objected to the court imposing sentence over Webex.

¶ 8      On appeal, Valles contends that the district court violated his constitutional right to be present and Crim. P. 43(e) by sentencing him over Webex without first following the procedural safeguards required by the rule.

## II.     Standard of Review

¶ 9      Whether a trial court violated a defendant's right to be present is a constitutional question that we review de novo. *People v. Aldridge*, 2018 COA 131, ¶ 16; *see also People v. Hernandez*, 2019 COA 111, ¶ 12 (de novo review applies to potential violations of Crim. P. 43). We similarly review interpretations of the rules of criminal procedure de novo, employing the same interpretive rules that apply to statutory construction. *Hunsaker v. People*, 2021 CO 83, ¶ 16.

¶ 10     Valles concedes that he failed to preserve his contention before the district court, thus limiting our review to plain error. *Hagos v. People*, 2012 CO 63, ¶ 12. Plain error is error that is both obvious and substantial. *People v. Miller*, 113 P.3d 743, 750 (Colo. 2005). An error is obvious if it contravenes a clear statutory command, a well-settled legal principle, or Colorado case law. *People v. Pollard*, 2013 COA 31M, ¶ 40. An error at sentencing is substantial if it so undermines the fundamental fairness of the proceeding as to cast serious doubt on the reliability of the sentence. *People v. Banark*, 155 P.3d 609, 611 (Colo. App. 2007).

### III.  Applicable Law

¶ 11    The Fourteenth Amendment's Due Process Clause protects a defendant's right to be present at all "critical" stages of the prosecution, including sentencing.[2] *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987); *Hernandez*, ¶¶ 20-22; *see also* Colo. Const. art. II, § 16.  For purposes of our analysis, we will assume — just as the parties do — without deciding that this due process right entitles the defendant to be *physically* present in the courtroom.  *See, e.g., United States v. Scarfo*, 41 F.4th 136, 203 (3d Cir. 2022); 30 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 6391, Westlaw (2d ed. database updated May 2025) ("[U]nless the defendant waives his right to be present at his own sentencing, he is entitled to be physically present in the courtroom, not virtually present.").

---

[2] Valles relies primarily on the related right to be present found in the Sixth Amendment's Confrontation Clause.  *See Illinois v. Allen*, 397 U.S. 337, 338 (1970).  But that right is a *trial* right that doesn't extend to sentencing.  *People v. Vasseur*, 2016 COA 107, ¶¶ 18-19.  Because this case involves Valles's presence at sentencing, we focus on his due process right to be present.  *See People v. Aldridge*, 2018 COA 131, ¶ 22 (explaining that the Due Process Clause "affords defendants the right to be present in situations where the Confrontation Clause is not implicated").

¶ 12    But a defendant's right to be present isn't absolute. *People v. Janis*, 2018 CO 89, ¶ 17. A defendant can waive their right to be present either expressly or through conduct. *Id.*; *see also United States v. Sealed Defendant One*, 49 F.4th 690, 700 (2d Cir. 2022) (defendant who was sentenced via videoconference validly waived his right to an in-person sentencing). For a waiver to be valid, the record as a whole must demonstrate that the defendant knowingly, intelligently, and voluntarily waived their constitutional right to be present. *Janis*, ¶ 26. Our supreme court has defined these terms as follows:

- "knowingly" means that "the person waiving the particular right must 'know' of the existence of the right and any other information legally relevant to the making of an informed decision either to exercise or relinquish that right";

- "intelligently," means that "the person waiving that right must be fully aware of what he is doing and must make a conscious, informed choice to relinquish the known right";

- "voluntarily," means that the person waiving the right has "not [been] coerced by the state either physically or psychologically."

*Id.* at ¶ 28 (quoting *People v. Mozee*, 723 P.2d 117, 121 n.4 (Colo. 1986)). However, no formal, on-the-record advisement is necessary

6

for a defendant to validly waive their constitutional right to be present. *Id.* at ¶ 20.

¶ 13    We may address a defendant's challenge to the knowing, intelligent, and voluntary waiver of their constitutional right to be present where, as here, the defendant relies solely on facts in the appellate record and doesn't bring forward new facts outside the record. *Id.* at ¶ 27.

¶ 14    Colorado Rule of Criminal Procedure 43 helps implement the constitutional right to be present. The rule provides that "[t]he defendant shall be present" at certain enumerated proceedings, including "the imposition of sentence, except as otherwise provided by this rule." Crim. P. 43(a). But for proceedings not involving a jury, the trial court may permit the defendant to attend — that is, be "present" within the meaning of the rule — through the use of an interactive audiovisual device or interactive audio device. Crim. P. 43(e)(2). Under Crim. P. 43(e)(3), the defendant's consent "shall be required" before the court conducts the following types of proceedings by interactive audiovisual device or interactive audio device:

(I)    Entry of guilty plea;

(II)   Trial to the court;

(III)  Sentencing hearings;

(IV)   Probation and deferred sentence revocation hearings;

(V)    Preliminary hearings;

(VI)   Pre-trial motions hearings;

(VII)  Hearings to modify bail;

(VIII) Restitution hearings; and

(IX)   Crim. P. 35(b) and (c) hearings.

Crim. P. 43(e)(3).

¶ 15    In addition, the court must advise the defendant of certain rights before conducting any proceeding identified in subsection (e)(3) of the rule via interactive audiovisual device or interactive audio device. Crim. P. 43(e)(4). Specifically, the court "shall advise" the defendant of the following:

(I)    The defendant has the right to appear in person;

(II)   The defendant has the right to have his or her counsel appear with him or her at the same physical location;

(III)  The defendant's decision to appear by use of an interactive audiovisual device or an interactive audio device must be

8

voluntary and must not be the result of undue influence or coercion on the part of anyone; and

(IV) If the defendant is pro se, he or she has the right to request that the identity and role of all individuals with whom he or she may have contact during the proceeding be disclosed.

Crim. P. 43(e)(4).

## IV.    Analysis

¶ 16    We first address whether Valles waived his constitutional right to be physically present for sentencing before turning to the district court's compliance with Crim. P. 43(e)(4).

### A.    Constitutional Right to be Present

¶ 17    Based on the totality of the circumstances, we conclude that Valles knowingly, intelligently, and voluntarily waived his constitutional right to be physically present at sentencing.

¶ 18    First, Valles's statements and conduct at earlier court proceedings show that he acted knowingly. *See Janis,* ¶¶ 28-29. During an early pretrial hearing at which Valles appeared remotely, for example, the court asked Valles whether he had any objection to appearing by Webex. Valles replied, "I would like to be in — court, but this is fine." And like the defendant in *Janis*, Valles was

9

present in person throughout trial and even testified in his own defense. *See id.* at ¶ 29 (defendant's presence at trial suggested she knew about her right to be present); *cf. People v. Rodriguez-Morelos*, 2022 COA 107M, ¶ 74 (record demonstrated that the defendant "generally understood he had a right to be present during the trial proceedings, which included the restitution hearings"), *aff'd*, 2025 CO 2.

¶ 19    Moreover, the court and counsel actively explored alternatives to in-person sentencing after Valles suffered his medical event. When the court inquired at a scheduling hearing whether Valles could appear for sentencing via Webex, defense counsel said that he could and that the defense would "make [Webex] happen." *See Janis*, ¶ 26 (prosecution may use "statements of counsel and circumstantial evidence" to establish the defendant's waiver). At the end of that hearing, the court asked counsel to keep the court "updated as to, is he going to appear, [or] is he going to appear by Webex?" Five days later, Valles and defense counsel appeared for sentencing via Webex. Neither raised any objection to appearing by interactive audiovisual device. This sequence of events provides

circumstantial evidence that Valles knew about his right to appear in person.

¶ 20 Second, Valles intelligently waived his right to be present. Before trial, a psychologist with the Department of Human Services concluded that Valles was competent to proceed. The court agreed and found Valles competent. *See id.* at ¶ 30 (defendant's prior evaluation deeming her competent to stand trial supported the conclusion that she intelligently waived her right to be present). While Valles argues that his later medical event rendered his competency "questionable," defense counsel said shortly before sentencing that hospital staff were "comfortable" with Valles signing medical waivers because his "mental acuity and cognition" had returned.

¶ 21 Valles also provided an articulate and coherent statement to the court during sentencing, both expressing remorse and explaining why he was unable to appear in person. Neither Valles nor defense counsel conveyed any concerns regarding Valles's ability to make a conscious, informed choice to appear for sentencing by Webex. *See Janis,* ¶ 28; *cf. People v. Lavadie,* 2021 CO 42, ¶ 49 (defendant's "unresponsive answers" and "refus[al] to

11

participate in the proceeding" showed that he didn't knowingly or intelligently waive the right to counsel).

¶ 22    Third, Valles acted voluntarily.  Nothing in the record suggests that any state actor coerced Valles, either physically or psychologically, to appear for sentencing by Webex.  *See Janis*, ¶¶ 28, 31.

¶ 23    Given all this, we conclude that Valles knowingly, intelligently, and voluntarily waived his constitutional right to be physically present for sentencing.

### B.    Crim. P. 43(e)(4)

¶ 24    Valles's right to the procedural safeguards in Crim. P. 43(e)(4), however, is another matter.[3]  As Valles correctly points out, the district court didn't provide him any of the advisements required by Crim. P. 43(e)(4) before imposing sentence over Webex.  This contravened the rule's mandatory language.  The rule applies explicitly to "[s]entencing hearings," and it says that the court "shall" provide the advisements identified in subsection (e)(4) of the rule "prior to" conducting a sentencing hearing by interactive

---

[3] The People don't argue that Valles waived his right to Crim. P. 43(e)(4)'s procedural safeguards.

audiovisual device or interactive audio device. Crim. P. 43(e)(3)(III), (e)(4). While the court's advisements need not follow any strict formula, the rule's use of "shall" confirms that relaying the substance of the advisements is mandatory.[4] *Martinez v. People*, 2024 CO 6M, ¶ 17.

¶ 25    As a result, we hold that a trial court must provide a criminal defendant with Crim. P. 43(e)(4)'s advisements before conducting any of the proceedings identified in subsection (e)(3) of the rule by interactive audiovisual device or interactive audio device. The court erred by sentencing Valles over Webex without first relaying Crim. P. 43(e)(4)'s advisements.

¶ 26    Although the court erred under the rule, we conclude that the error didn't so undermine the fundamental fairness of the proceeding as to cast serious doubt on the reliability of the sentence. *Banark*, 155 P.3d at 611. We base this on two reasons.

---

[4] Crim. P. 43(e)(3) similarly says the defendant's consent "shall be required" before the court conducts any of the rule's enumerated proceedings virtually. The rule doesn't say, however, whether the defendant must give express consent or whether the court may infer consent through the defendant's conduct. Our disposition remains the same under either interpretation, so we need not reach this question.

¶ 27    First, Valles received a stipulated sentence to time served with no probation, restitution, or other additional sanction.  Thus, Valles's physical presence at sentencing wouldn't have resulted in a more favorable outcome.  *See People v. Mumford*, 275 P.3d 667, 672 (Colo. App. 2010) (defendant's absence from a mid-trial conference regarding evidentiary and instructional issues didn't rise to plain error because it "had no effect on the trial's fairness or outcome"), *aff'd*, 2012 CO 2.

¶ 28    Second, as already discussed, Valles waived his constitutional right to be physically present — the very right that Crim. P. 43 is designed to protect.  *See id.* (concluding any error wasn't plain because it didn't affect the defendant's substantial rights).

¶ 29    Accordingly, the district court didn't plainly err by sentencing Valles over Webex without first complying with Crim. P. 43(e)(4)'s procedural safeguards.

## V.    Disposition

¶ 30    We affirm the sentence.

JUDGE TOW and JUDGE YUN concur.